Yvonne TROUT, et al., Plaintiffs,

v.

John F. LEHMAN, et al., Defendants.

Marie Louise BACH, Plaintiff,

v.

John F. LEHMAN, et al., Defendants.

Civ. A. Nos. 73–55, 76–1206.

United States District Court,
District of Columbia.

Aug. 5, 1988.

Bradley G. McDonald, McDonald & Karl, Washington, D.C., for plaintiffs.

Wilma A. Lewis, Asst. U.S. Atty., Washington, D.C., for defendants.

## MEMORANDUM AND ORDER

HAROLD H. GREENE, District Judge.

Plaintiffs have moved for an order requiring immediate payment of the irreducible amount of attorney's fees and costs to which defendants do not raise specific, substantiated objection. Defendants primarily object to this request on the ground that this would be an interim fee award, the propriety of which is "vigorously disputed by the federal government." The Court sees no basis in law to deny plaintiff recovery of interim award payments, to the extent that they can be supported, merely because the opposing party disagrees with the notion of such payments. To the contrary, the propriety of interim payment awards in Title VII cases has been established by legal precedent and statutory construction, as discussed at length in *McKenzie v. Kennickell*, 669 F.Supp. 529 (D.D.C. 1987).

As an alternative argument in resistance to plaintiffs' motion, defendants argue that the amounts requested cannot be awarded because the propriety of recovery of those amounts has been disputed on the merits. A review of defendants' filings shows that there is indeed some dispute as to recovery of certain types of expenses and fees; however, despite plaintiffs' diligent attempts to have defendants identify the minimum irreducible amounts payable, no such response has been forthcoming. Surely defendants cannot seriously suggest that plaintiffs are entitled to no compensation for fees and costs whatsoever. In this context, it is not sufficient to simply state that some items are under dispute; fairness dictates that the amounts to which plaintiffs are plainly entitled be swiftly identified and awarded.

Plaintiffs, faced with an intransigent response from their opponents, have acted in good faith to resolve this impasse. They have submitted to the Court their calculation of uncontroverted amounts due. *See* Plaintiffs' Supplemental Memorandum, February 26, 1988. The Court has reviewed that filing and finds that plaintiffs have satisfied their burden of showing entitlement to, at a minimum, $276,044.00 in attorney's fees and $15,434.01 in undisputed costs. Defendants' failure to counter these assertions, their failure to propose alternative minimum payment amounts, and their inaction over a period of more than five months in responding to plaintiffs' figures lends support to the presumption of validity of these claims.

For this reason, the Court will proceed with this matter in two stages. First, defendants will be ordered to pay, forthwith, the amounts identified in the February 28,

1988 filing. Second, defendants will have thirty days from the date of this Memorandum to identify to the Court the remaining minimum undisputed amount of fees and costs due plaintiffs. In order to satisfy this second requirement, defendants shall respond in detailed terms, identifying dollar amounts not in dispute rather than merely listing their objections by issue categories.

Accordingly, it is this 5th day of August 1988

ORDERED that defendants shall forthwith make payment of an interim award of $276,044.00 in attorney's fees and $15,434.01 in costs to plaintiffs; and it is further

ORDERED that defendants shall, within thirty days from the date of this Memorandum, identify to the Court the minimum undisputed amount of fees and costs remaining to be paid; and it is further

ORDERED that defendants shall file with the Court, by August 31, 1988, a written report setting forth compliance with this Order.