**James E. BROWN, Plaintiff,**

v.

**John O. MARSH, Secretary of the Army, Defendant.**

**Civ. No. 80–1169.**

United States District Court, District of Columbia.

March 9, 1989.

---

John R. Erickson, Pierson, Ball & Dowd, Joseph M. Sellers, Washington Lawyers' Committee for Civil Rights Under Law, Washington, D.C., for plaintiff.

Jay B. Stephens and John B. Bates, Asst. U.S. Attys., and William J. Dempster, Washington, D.C., for defendant.

## ORDER

CHARLES R. RICHEY, District Judge.

The Court has before it the plaintiff Brown's application for interim attorney's fees and costs. For the reasons stated herein, the Court grants Brown's application in part.

Brown brought this suit nearly a decade ago. He alleges that the Army discriminated against him in its promotion practices on the basis of Brown's race, which is black. Brown has been represented by various counsel throughout this action, with his latest set of lawyers having assumed the reins in August, 1987.[1] On May 12, 1988, the Court granted partial summary judgment in Brown's favor as to the timeliness of the Army's response to the results of an investigation conducted by the Equal Employment Opportunity Commission.[2] However, while the May 12 decision established partial liability as against the Army, it did not determine the precise remedies to which Brown would be entitled. Brown and the Army continue to haggle over this question.

At a status call on November 22, 1988, held for the purpose of discussing Brown's remedies, the Court invited Brown to submit an application for interim attorney's fees and costs. Brown did so on December 5, 1988. Brown's application limits his request for attorney's fees and costs to the period from August, 1987, when his current counsel took over, to May 12, 1988, when the Court granted partial summary judgment. Brown seeks total fees and costs for this period of $54,309.03. Further, he reserves the right to seek, in his final application, fees and costs incurred subsequent to May 12, as well as the right to seek a contingency enhancement to the final amount awarded.

By way of response, the Army does not contend that Brown will not ultimately be entitled to an award of attorney's fees and costs of some kind. Instead, the Army asserts that the Court is without the authority to make the award of *interim* fees and costs that Brown requests.

According to the Army, such an award—when made prior to a final judgment—violates the federal government's right to sovereign immunity. In so arguing, the Army contends that the controlling provision of law is not, as Brown asserts, 42 U.S.C. 2000e–5(k). Instead, the Army argues that Brown's right to fees and costs at this stage is controlled by 28 U.S.C. § 2414 and 31 U.S.C. § 1304(a). These provisions constitute the federal government's express consent to the payment of money damages

---

1. Brown is currently represented by Joseph Sellers, of the Washington Lawyers' Committee for Civil Rights Under Law, and by John Erickson, of the Washington, D.C. law firm of Pierson, Ball & Dowd.

2. For the details underlying the Court's decision of May 12, 1988, see *Brown v. Marsh*, No. 80–1169 (D.D.C. May 12, 1988) (Opinion of Richey, J.).

under judgments against it; as such, these provisions constitute the federal government's waiver of the sovereign immunity that would otherwise obtain as to such awards. In waiving the federal government's sovereign immunity, however, these statutes expressly condition the federal government's payment of money damages upon the plaintiff's having obtained a *final* judgment. Because the judgment here is not *final*—i.e., it has not yet been sustained on appeal—the Army contends that any award of *interim* attorney's fees and costs would be inconsistent with 28 U.S.C. § 2414 and 31 U.S.C. § 1304(a). The Army suggests that any award which ignores these statutes constitutes an impermissible encroachment upon the sovereign immunity of the federal government.

The Court rejects the Army's contention, and concludes that it may award interim attorney's fees and costs at this stage of the litigation. In the Court's view, such an award does not violate the sovereign immunity of the federal government.

The Court is not alone in reaching this conclusion. In *McKenzie v. Kennickell,* 669 F.Supp. 529 (D.D.C.1987), and in *Jurgens v. Equal Employment Opportunity Comm.,* 660 F.Supp. 1097 (N.D.Tex.1987), federal defendants presented the same arguments in opposition to an award of interim fees and costs as the Army offers here. The courts in both cases rejected the argument. This Court agrees with the analysis advanced by Brown, and adopted in *McKenzie* and *Jurgens,* and will therefore award interim fees and costs in this case.

As noted by the courts in both *McKenzie* and *Jurgens,* section 2000e–5(k) constitutes a specific concession by Congress that "the United States shall be liable for costs [including attorney's fees] the same as a private person." This provision clearly manifests Congress' intent to eliminate any distinction in the terms by which a private person and the United States may be liable for costs, including attorney's fees, in a Title VII action. For such purposes, the United States is to stand in the shoes of a private litigant, having waived in section 2000e–5(k) the protections that sovereign immunity might otherwise afford. *Library of Congress v. Shaw,* 478 U.S. 310, 323, 106 S.Ct. 2957, 2966, 92 L.Ed.2d 250 (1986) ("In making the Government liable as a defendant under Title VII, Congress effected a waiver of the Government's immunity from suit, and from costs including reasonable attorney's fees.").[3] This express waiver of sovereign immunity, occurring in a limited, defined context, must control as against the broader, generalized terms of 28 U.S.C. § 2414 and 31 U.S.C. § 1304(a). *McKenzie,* 669 F.Supp. at 534; *Jurgens,* 660 F.Supp. at 1102.

Further, the Court finds that payment of interim costs and fees is wholly consistent with the policies underlying section 2000e–5(k). Absent such "bridge" awards, plaintiffs in Title VII actions against the federal government, in this Court's view, would be severely hampered in their search for counsel. Title VII actions of this type are typically lengthy affairs (the instant case being a prime example) which, when taken at all, are almost always taken by counsel on a contingent fee basis. Absent interim infusions of capital in response to early successes, it seems to the Court likely that the

**3.** The Army contends that an award of interim fees and costs is "impossible to reconcile" with the Supreme Court's decision in *Shaw.* In *Shaw,* the Supreme Court construed section 2000e–5(k) narrowly, holding that the provision does not authorize an award of interest on fees and costs granted thereunder. The Army argues that the Supreme Court's narrow view of the extent to which section 2000e–5(k) works a waiver of sovereign immunity should be extended here to preclude an award of interim attorney's fees.

This argument, however, overlooks the fact that the Supreme Court expressly noted that interest—at issue in *Shaw*—is properly seen as an element of *relief,* and not as part of the costs for which the United States is liable as a private person under section 2000e–5(k). Thus, while the Supreme Court's narrow *approach* to section 2000e–5(k) is perhaps relevant to the issue presented here, the precise holding in *Shaw* is in no way determinative. At bottom, the Supreme Court concluded in *Shaw* that section 2000e–5(k) has no bearing upon an interest award. Here, in contrast, the award that Brown seeks—not of interest, but of fees and costs—is clearly within the contemplation of section 2000e–5(k). Under these circumstances, the Court cannot agree with the Army that an award of interim fees and costs would be "impossible to reconcile" with the decision in *Shaw.*

balance of risks and incentives which counsel face under these circumstances will be skewed against taking such cases. This effect will directly undermine Title VII's carefully crafted private enforcement structure, of which section 2000e–5(k) is a central part. *Jurgens,* 660 F.Supp. 1102–03. As private plaintiffs in these cases already face ample obstacles in their quests for justice, the Court declines to add another by limiting the availability of interim attorney's fees and costs.

Having concluded that Brown will be entitled to an interim award, it remains for the Court to determine the precise amount of that award. Brown seeks a total award of $54,309.03. The Army objects to this amount, contending that it almost certainly includes compensation for time spent on claims as to which Brown has not yet been found the prevailing party.

Brown's fee application is adequately supported; the Army's opposition is not. *See NAACP v. Secretary of Defense,* 675 F.2d 1319, 1337–38 (D.C.Cir.1982) (Tamm, J., concurring) ("The burden of proceeding then shifts to the party opposing the fee award, who must submit facts and detailed affidavits to show why the applicant's request should be reduced or denied ... Neither broadly based, ill-aimed attacks, nor nit-picking claims by the Government should be countenanced."). Nevertheless, in fairness, the Army makes a valid point. Much remains in this litigation; Brown can hardly deny that to compensate his counsel for *all* time spent working on his behalf during the relevant period would effectively compensate them for work regarding issues that have not yet been decided in Brown's favor, and which may never be decided in his favor. Under these circumstances, it seems appropriate to reduce somewhat the amount of the interim award to reflect the fact that certain issues remain outstanding.

Unfortunately, both parties have taken an all-or-nothing approach in their papers; neither have suggested an appropriate reduction of the amount requested in the

event the Court decided—which it has—to make an interim award, but to limit that award somewhat. Accordingly, it is for the Court to choose, based upon the long record in this case, and again based upon the issues as to which Brown has prevailed with the assistance of present counsel, a percentage by which the amount requested shall be reduced. In the Court's view, a 33% reduction of the amount sought—producing an award of $36,387.05—is fair and reasonable.[4] This figure corresponds to the degree of success that Brown's counsel have obtained for him thus far, while excluding immediate compensation for time spent on issues that have not yet been resolved. The Court will give the parties 10 days from the date of this Order to show why the 33% reduction may be inappropriate. Upon consideration of the parties' submissions, the Court will either modify the reduction to reach what it finds to be the proper figure, or will leave the reduction where it now stands, at 33%.

SO ORDERED.

---

**4.** It is important to consider that this reduction is only to the interim award; Brown may be compensated for the entire amount in his final

application for fees and costs if he should ultimately prevail on all of his claims.