891 F.2d 332
 52 Empl. Prac. Dec. P 39,524, 282 U.S.App.D.C. 33
 Yvonne G. TROUT, Individually and on Behalf of Others
Similarly Situated, et al.
v.
H. Lawrence GARRETT, III, Secretary of the Navy, et al., Appellants.
In re H. Lawrence GARRETT, III, Secretary of the Navy, Petitioner.
 Nos. 88-5264, 89-5137.
 United States Court of Appeals,
District of Columbia Circuit.
 Argued Nov. 21, 1989.
Decided Dec. 15, 1989.
 
 Appeal from the United States District Court for the District of Columbia (C.A. No. 73-00055).
 Petition for Writ of Mandamus (C.A. No. 73-00055).
 Michael J. Ryan, Asst. U.S. Atty., with whom Jay B. Stephens, U.S. Atty., John D. Bates, Wilma A. Lewis, Asst. U.S. Attys., Stuart E. Schiffer, Acting Asst. Atty. Gen. and William Kanter, Atty., Dept. of Justice, were on the brief, for appellants in No. 88-5264 and petitioner in No. 89-5137. R. Craig Lawrence, Asst. U.S. Atty. entered an appearance for the Secretary of Navy, et al.
 Bradley G. McDonald and Daniel A. Rezneck, with whom John F. Karl, Jr. and Ronald D. Lee were on the joint brief for appellees in No. 88-5264 and respondent in No. 89-5137.
 Before RUTH BADER GINSBURG and SENTELLE, Circuit Judges, and FRIEDMAN,* Senior Circuit Judge.
 Opinion for the Court filed by Circuit Judge RUTH BADER GINSBURG.
 RUTH BADER GINSBURG, Circuit Judge.
 
 
 1
 In this Title VII case commenced in 1973,[1] the district court, in 1988, ordered the government to pay plaintiffs an interim attorney's fee award pursuant to 42 U.S.C. § 2000e-5(k). Objecting on grounds of sovereign immunity, the government seeks immediate review by appeal or mandamus. Finding the sovereign immunity objection misguided, we deny the petition for mandamus and dismiss the appeal.
 
 I.
 
 2
 Plaintiffs in this long-litigated case complained of individual and class-wide sex discrimination against female computer service personnel at the Washington Navy Yard Data Automation Center. After consideration by this court and the Supreme Court, see Lehman v. Trout, 465 U.S. 1056, 104 S.Ct. 1404, 79 L.Ed.2d 732 (1984), vacating and remanding Trout v. Lehman, 702 F.2d 1094 (D.C.Cir.1983), the case is again proceeding in the district court, see Trout v. Lehman, 652 F.Supp. 144 (D.D.C.1986), and plaintiffs concededly have prevailed on certain claims. In August 1988, in response to plaintiffs' motion, the district court ordered the government to pay forthwith, and for the first time in this aging case, an interim attorney's fee award. Trout v. Lehman, 702 F.Supp. 3 (D.D.C.1988).[2]
 
 
 3
 The government appealed the district court's interim fee order, but a motions panel of this court dismissed the appeal "for want of a final or otherwise appealable order." Trout v. Ball, No. 88-5264 (D.C.Cir. Mar. 30, 1989) (order dismissing appeal) (citing Rosenfeld v. United States, 859 F.2d 717 (9th Cir.1988)). The government then moved in the district court for entry of the interim award as a "final" judgment pursuant to Federal Rule of Civil Procedure 54(b), and at the same time petitioned this court both for rehearing, suggesting rehearing en banc, and for a writ of mandamus. The district court denied the Rule 54(b) motion for the entry of final judgment, concluding that the interim award could not be accommodated by that Rule. Memorandum and Order, Trout v. Ball, No. 73-0055 (D.D.C. June 2, 1989). This court, however, granted the government's petition for rehearing in order "to settle circuit law on the propriety of awarding interim, immediately payable attorney's fees against the government" in an action under Title VII. Trout v. Ball, No. 88-5264 (D.C.Cir. Aug. 24, 1989).
 
 
 4
 The government claims that through appeal, or alternatively by mandamus, we may immediately review the district court's award of interim attorney's fees. As relief, the government asks us to vacate the district court's order on the ground that the "judgment fund" prescriptions, 31 U.S.C. § 1304 and 28 U.S.C. § 2414, prohibit the government from paying the interim, still-contested award. We conclude that the district court did not exceed its authority in holding the government liable for an interim award of attorney's fees under 42 U.S.C. § 2000e-5(k). This conclusion both settles circuit law on the district court's authority and leads us to deny the government's petition for a writ of mandamus. Furthermore, because the sum and substance of the particular interlocutory order before us is not immediately appealable, we dismiss the government's appeal.
 
 II.
 
 5
 When we granted the government's petition for rehearing in August 1989, we understood the core argument to be that Congress, in 42 U.S.C. § 2000e-5(k), had waived the federal sovereign's immunity only as to final, not interim, fee awards. Indeed, we so perceived a principal argument the government made on brief. See Brief for Appellants/Petitioners at 24-26 (urging "strict" and "narrow" reading of § 2000e-5(k) immunity waiver to describe only "the nature of the relief available against the Government," and not "the timing of payment," and citing Library of Congress v. Shaw, 478 U.S. 310, 318, 106 S.Ct. 2957, 2963, 92 L.Ed.2d 250 (1986), in support). At oral argument, however, counsel for the government forthrightly presented a vital clarification.
 
 
 6
 To elucidate, we first quote the fee-allowance provision in question, 42 U.S.C. § 2000e-5(k):
 
 
 7
 In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity] Commission or the United States, a reasonable attorney's fee as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
 
 
 8
 (Emphasis added.) The government, we now comprehend, is not urging a constricted reading of the "private person" language. But cf. Brief for Appellants/Petitioners at 25 ("private person" language should be strictly construed in favor of the government). Instead, the government acknowledges that, just as holds true for a private employer sued under Title VII, see, e.g., Shipes v. Trinity Indus., Inc., 883 F.2d 339 (5th Cir.1989); James v. Stockham Valves & Fittings Co., 559 F.2d 310, 358-59 (5th Cir.1977), cert. denied, 434 U.S. 1034, 98 S.Ct. 767, 54 L.Ed.2d 781 (1978), interim fees may be awarded against the government in protracted employment discrimination cases. In other words, 42 U.S.C. § 2000e-5(k) waives the United States' immunity from claims, whether final or interim, for attorney's fees as an element of costs. As the court precisely questioned at oral argument:
 
 
 9
 May an interim fee award be entered against the government in a Title VII case? Does Title VII entitle plaintiffs to an interim award against the government?
 
 And as government counsel responded:
 
 10
 Yes it does, your honor. It makes the United States liable for attorney's fees the same as a private person.... The government is not asking for a special rule here....
 
 
 11
 Recognition that the government is liable for interim awards "the same as a private person" accords with all reported decisions in point. See Rosenfeld v. United States, 859 F.2d 717, 723-25 (9th Cir.1988) (upholding interim award under the Freedom of Information Act); Brown v. Marsh, 707 F.Supp. 21, 23 & n. 3 (D.D.C.1989) (interim award under Title VII); McKenzie v. Kennickell, 669 F.Supp. 529, 535 (D.D.C.1987) (same); Jurgens v. EEOC, 660 F.Supp. 1097, 1100-01 (N.D.Tex.1987) (same). We need not further elaborate a proposition thus well-accepted: sovereign immunity does not bar a claim by a Title VII plaintiff for interim fees against the government.
 
 
 12
 The government continues nonetheless to urge that the "judgment fund" statute, 31 U.S.C. § 1304, which creates a permanent appropriation of funds to pay judgments against the United States, also erects an immunity barrier. Because this statute provides for payment only when a judgment is "final" under 28 U.S.C. § 2414,[3] the government insists that the district court lacked the authority to order the government to pay the interim award immediately. We agree with our sister circuit that to acknowledge an interim fee as awardable against the government but not payable prior to a judgment the government accepts as final "mak[es] nonsense of the concept of an interim award." Rosenfeld, 859 F.2d at 727 (emphasis in original).
 
 
 13
 Sovereign immunity is waived by statutes, for example, Title VII, that permit claims for money or other relief against the United States. The judgment fund legislation, in contrast, authorizes no claims for relief. It is auxiliary legislation; its sole office is to furnish "a mechanism for facilitating payment of judgments" rendered on claims authorized by another statute. See Rosenfeld, 859 F.2d at 727; S.REP. NO. 733, 87th Cong., 1st Sess., reprinted in 1961 U.S.CODE CONG. & ADMIN.NEWS 2439. We find no tenable support for the notion that Congress designed the judgment fund measure to retract or limit duly enacted waivers of sovereign immunity, and we do not doubt the government's ability to arrange for payment of its lawfully-declared debts. See Jurgens, 660 F.Supp. at 1102; cf. Califano v. Westcott, 443 U.S. 76, 99 S.Ct. 2655, 61 L.Ed.2d 382 (1979) (to cure unconstitutional gender-based differentiation, Court's judgment extended federal public assistance benefits to class--families with unemployed mothers--not covered by statute's terms).
 
 III.
 
 14
 It is necessary and proper, as we have just explained, to distinguish legislation waiving sovereign immunity, for example, 42 U.S.C. § 2000e-5(k), from prescriptions to facilitate payment of valid claims against the sovereign, notably, 31 U.S.C. § 1304 and 28 U.S.C. § 2414. Once it is understood that sovereign immunity does not shield the United States from interim fee awards in Title VII cases, it becomes evident that the district court's order is not immediately reviewable.
 
 
 15
 Mandamus does not lie, because the district court has not operated outside its prescribed jurisdiction, or indulged in any clear abuse of discretion or usurpation of judicial power. See, e.g., In re Thornburgh, 869 F.2d 1503, 1506-07 (D.C.Cir.1989); Rosenfeld, 859 F.2d at 727. Nor does the current fee award fit within any other exception to the firm final judgment rule governing federal courts, 28 U.S.C. § 1291. Generally, that rule is satisfied only when the district court has, by definitive judgment, fully disassociated itself from a case or claim. See Catlin v. United States, 324 U.S. 229, 233, 65 S.Ct. 631, 633, 89 L.Ed. 911 (1945) (a final judgment ends the claim on the merits "leav[ing] nothing for the court to do but execute the judgment").
 
 
 16
 Interlocutory is indeed the word descriptive of the district court's fee award. The award does not even dispositively determine fees due up to this stage of the litigation. See Trout, 702 F.Supp. at 4. The tight "collateral order doctrine" of Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541, 545-47, 69 S.Ct. 1221, 1225-26, 93 L.Ed. 1528 (1949), surely cannot be pressed into service here. Nor has the government qualified for any other extraordinary mode of appellate relief by demonstrating a real prospect of irreparable harm. See Rosenfeld, 859 F.2d at 720-22; I.A.M. National Pension Fund v. Cooper Indus., Inc., 789 F.2d 21, 24 (D.C.Cir.1986).
 
 
 17
 The district court thought it ironic that the government invoked Rule 54(b), which accommodates only orders that can genuinely qualify as "final,"[4] in order to "be able to argue in the Court of Appeals that for purposes of payment of the fees the judgment is not final." Memorandum and Order, Trout v. Ball, No. 73-0055, at 2-3 (D.D.C. June 2, 1989) (emphasis in original). We note in this regard that the government bypassed the one measure Congress did install for immediate, albeit discretionary, review of interlocutory orders, 28 U.S.C. § 1292(b).[5]Conclusion
 
 
 18
 The government acknowledges that 42 U.S.C. § 2000e-5(k) waives sovereign immunity for interim attorney's fees against the government. That acknowledgment is correct; in conjunction with our view that the judgment fund legislation does not address the sovereign's immunity from suit, it is fatal to the endeavor to gain immediate access to appellate review. For the reasons stated, the appeal is dismissed and the petition for mandamus is denied.
 
 
 19
 It is so ordered.
 
 
 
 *
 Of the United States Court of Appeals for the Federal Circuit, sitting by designation pursuant to 28 U.S.C. § 294(d)
 
 
 [1]
 Title VII, the anti-discrimination in employment part of the Civil Rights Act of 1964, was extended to cover federal employees in 1972. See Pub.L. No. 92-261, § 11, Mar. 24, 1972, 86 Stat. 111 (codified as amended at 42 U.S.C. § 2000e-16)
 
 
 [2]
 The district court instructed the government to identify "the minimum irreducible amounts payable." Because it wished to pursue and complete discovery relevant to the interim fee application, the government declined to state any amount as the uncontroverted minimum. The court thereupon found, and declared currently due, $276,044, the sum as to which "at a minimum," "plaintiffs have satisfied their burden of showing entitlement." Trout v. Lehman, 702 F.Supp. 3 (D.D.C.1988)
 
 
 [3]
 A judgment is deemed final under 28 U.S.C. § 2414 when the Attorney General "determines that no appeal shall be taken from [the] judgment or that no further review will be sought from a decision affirming the same...."
 
 
 [4]
 If an order is interlocutory, i.e., if it does not in fact finally dispose of some of the claims, or of the case as to one or more of the parties, a Rule 54(b) certificate is improper and the appeal must be dismissed. See, e.g., Cinerama, Inc. v. Sweet Music, S.A., 482 F.2d 66 (2d Cir.1973). See also 10 C. WRIGHT, A. MILLER & M. KANE, FEDERAL PRACTICE AND PROCEDURE, Civil 2d § 2655, at 41 (1983)
 
 
 [5]
 Under § 1292(b), the district judge may certify that an interlocutory decision "involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation." The court of appeals, in its discretion, may permit an appeal to be taken upon such certification