971 F.2d 766
 297 U.S.App.D.C. 303
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Yvonne G. TROUT, Individually and on behalf of others
similarly situated, et al.
v.
SECRETARY Of the NAVY, et al., Appellants.
 No. 91-5438.
 United States Court of Appeals, District of Columbia Circuit.
 June 2, 1992.
 
 Before WALD, D.H. GINSBURG and SENTELLE, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of appellees' motion to dismiss, the response thereto and the reply, it is
 
 
 2
 ORDERED that the motion be granted. The district court has yet to address appellees' claim for additional back pay and therefore, the order at issue is not a final judgment under 28 U.S.C. § 1291. See Trout v. Garrett, 891 F.2d 332, 335 (final judgment rule is satisfied "only when the district court has, by final judgment, fully disassociated itself from a case or claim."); see also Caitlin v. United States, 324 U.S. 229, 233 (1945) (a final judgment ends the claim on the merits "leaving nothing for the court to do but execute the judgment"). Moreover, while the order grants retroactive promotions to five class members, appellants have already promoted these individuals. Hence, the practical effect of this directive is merely to require appellees to pay additional money in the form of increased salaries or annuities. The order, therefore, does not operate to grant or deny a specific request for injunctive relief and is not appealable on this basis. See 28 U.S.C. § 1292(a)(1).
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.