Antony BROWN, et al., Plaintiffs,

v.

PRO FOOTBALL, INC., d/b/a
Washington Redskins, et
al., Defendants.

Civ. A. No. 90–1071(RCL).

United States District Court,
District of Columbia.

Sept. 2, 1992.

Joseph A. Yablonski, Daniel B. Edelman, John F. Colwell, Yablonski, Both & Edelman, Washington, DC, for plaintiffs.

Peter J. Nickles, Gregg H. Levy, Sonya D. Winner, Richard W. Buchanan, Covington & Burling, Washington, DC, for defendants.

## MEMORANDUM OPINION AND ORDER

LAMBERTH, District Judge.

This case comes before the court on NFL Defendants' Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Review of this Court's Memorandum Opinion of March 10, 1992, 1992 WL 88039 (Defendants' Motion); Plaintiffs' Opposition to NFL Defendants' Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Review (Plaintiffs' Opposition); and NFL Defendants' Reply Memorandum in Support of Motion for Reconsideration or, in the Alternative, Certification for Interlocutory Review (Plaintiffs' Reply). Upon consideration of the authorities presented in these memoranda and the record herein, the court will deny Defendants' Motion for Reconsideration and will not certify this case for interlocutory review.

### I. *FACTS.*

On June 4, 1991, 782 F.Supp. 125, this court, by memorandum opinion, granted Plaintiff's Motion to Strike the Defendants' Nonstatutory Labor Exemption Defense. In a second memorandum opinion, filed

March 10, 1992, the court granted Plaintiffs' Motion for Summary Judgment on Liability. The relevant facts are extensively presented in these two opinions.

## II. RECONSIDERATION.

### A. March 10, 1992, Memorandum Opinion.

In the March 10 opinion, the court first examined the salary restraints imposed by the NFL Defendants and held that the restraints were subject to the antitrust laws. The court then looked to see whether the restraints were imposed in violation of the Sherman Act, 26 Stat. 209, as amended, 15 U.S.C. § 1 (1973 & Supp.1991). After finding that the wage-fixing could not be termed a *per se* violation of the antitrust laws, the court turned to a Rule of Reason analysis. It is this analysis defendants today challenge.

■ The Rule of Reason requires the judge to balance the anti-competitive evils of a practice against its pro-competitive virtues. On the negative side of this balance, the court noted that the salary restraints clearly were anti-competitive in effect. On the other half of this balance, however, the court found no pro-competitive virtues. The court held that two pro-competitive purposes advanced by the defendants—enhanced competition in the labor market for professional football players and the creation of otherwise unavailable football employment opportunities— were irrelevant for lack of correlation between the restraints and the pro-competitive purposes. A third justification, the maintenance of a competitive balance among football teams, was deemed irrelevant under the D.C. Circuit's holding in *Smith v. Pro Football, Inc.*, 593 F.2d 1173 (D.C.Cir.1978).

In *Smith*, a professional football player challenged the NFL's player draft as violative of § 1 of the Sherman Antitrust Act. Under the Rule of Reason analysis, the NFL asserted the draft's ultimate pro-competitive effect justified the draft system despite its anti-competitive evils. The NFL claimed that the player draft promoted a "competitive balance" among teams, thus "producing better entertainment for the public, higher salaries for the players, and increased financial security for the clubs." 593 F.2d at 1186. However, the D.C. Circuit held that the pro-competitive virtues, which were evident only on the playing field, could not be compared to the anti-competitive evils, which were apparent solely in the market for player services. *Id.* As a result, the player draft was held to be unreasonable and a violation of the Sherman Act.

This court found that the salary restraints presently at issue were directly comparable to the player draft in *Smith*. Therefore, this court held the NFL defendants' third pro-competitive justification, the promotion of competitive balance, irrelevant under the law of this circuit. With no relevant pro-competitive virtues left to balance the clear anti-competitive evils, the court determined that the salary restraints were violative of the antitrust laws and ordered summary judgment on liability for the plaintiffs.

### B. Defendants' Motion to Reconsider.

■ Defendants' Motion to Reconsider is grounded on defendants' reading of the Supreme Court's opinion in *NCAA v. Board of Regents of the University of Oklahoma*, 468 U.S. 85, 104 S.Ct. 2948, 82 L.Ed.2d 70 (1984). In that case, the NCAA had imposed a restrictive television broadcasting plan for football games upon all its member universities. The University of Oklahoma challenged the restraint as a violation of antitrust laws. As in the present case, the Court did not find a *per se* violation of antitrust laws but nonetheless held the restraint reasonable under a Rule of Reason analysis.

According to defendants' memorandum, the Supreme Court's language in *NCAA* "undermined, if not vitiated," the D.C. Circuit's opinion in *Smith*. Defendants' Motion at 2. In *NCAA*, the Court referred to the maintenance of competitive balance as a "pro-competitive justification under the Rule of Reason." 468 U.S. at 119–20, 104

S.Ct. at 2970.[1] The defendants assert that the NFL defendants' salary restraints likewise help to maintain a competitive balance among the teams and is therefore a procompetitive virtue that outweighs their anti-competitive vice.

However, *NCAA* is clearly distinguishable from both *Smith* and the present case. The "product" at issue in *NCAA* was unique—college football, a sport which weds the competition of athletics and the tradition of academics. The "character and quality" of the product—indeed, its very "integrity"—"cannot be preserved except by mutual agreement." 468 U.S. at 101–02, 104 S.Ct. at 2960. Without restrictions on player eligibility and academic requirements, *amateur college* football would cease to exist. Therefore, these restrictions, though clearly restraints on trade, 468 U.S. at 98, 104 S.Ct. at 2958, are not necessarily unreasonable since they actually "widen consumer choice—not only the choices available to sports fans but also those available to athletes." 468 U.S. at 102, 104 S.Ct. at 2960–61. Thus, they do not violate the antitrust laws.

The salary restraints here at issue, however, cannot be said to be vital to the preservation of professional football. Indeed, *professional* football as an organization would survive with or without the mandatory $1,000 a week salary restraint. As the Supreme Court emphasized in *NCAA*, the focus of the inquiry must be on reasonableness. Although some agreements among the football teams may be reasonable, it is not reasonable to allow the NFL to promulgate nonessential regulations, such as those in this case.

Since *NCAA* is not applicable to this case, the D.C. Circuit's ruling in *Smith* is still good law in this circuit. Therefore, as this court's previous opinion held, the procompetitive virtues the NFL defendants claim are not relevant to the Rule of Reason analysis, and reconsideration of the court's March 10, 1992, opinion is DENIED.

---

**1.** The Court found this justification unavailing, however, and nonetheless held that the televi-

## III. *CERTIFICATION.*

 As the NFL defendants acknowledge in their memorandum, certification for interlocutory review is only appropriate when "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Given that the trial on damages is imminent, it is evident that it would not expedite the ultimate termination of this litigation to delay the proceedings for an interlocutory appeal. Therefore, the defendants' motion to certify for interlocutory review is DENIED.

## IV. *CONCLUSION.*

For the reasons set forth herein, defendants' motion for reconsideration is DENIED. Defendants' motion, in the alternative, for certification is also DENIED.

SO ORDERED.

sion regulation violated antitrust laws.