**UNITED STATES of America, Plaintiff,**

v.

**William E. SMITH, et al., Defendants.**

**No. 3:94–CV–188RM.**

United States District Court, N.D. Indiana, South Bend Division.

March 27, 1999.

Clifford D. Johnson, United States Attorney's Office, South Bend, IN, Douglas W. Snoeyenbos, U.S. Department of Justice, Washington, DC, for Plaintiff.

Thomas S. Botkin, Ralph A. Caruso, II, Botkin and Leone, South Bend, IN, Douglas W. Snoeyenbos, U.S. Dept. of Justice, Washington, DC, for Defendants.

## MEMORANDUM AND ORDER

MILLER, District Judge.

This cause is before the court on the United States of America's motion to modify the court's order that required the government to pay defendant William E. Smith $4,250 on or before September 30, 1997 as a sanction for the government's failure to produce certain discovery materials. The government contends that it is not required to pay this award because (a) it has not waived its sovereign immunity as to pre-judgment awards, or, alternatively, (b) because it has a statutory right to setoff the award from the amounts Mr. Smith owes to the government. For reasons explained below, the court denies the government's motion.

The court held a hearing in this cause on September 12, 1997 and addressed the many pending motions in this cause, including Mr. Smith's motion to strike and for sanctions for the government's failure to provide requested discovery materials relating to the basis of Mr. Smith's tax liability. Mr. Smith realized that the government had not provided the materials when it received the government's summary judgment motion, which relied on the documents at issue. When Mr. Smith's attorney drew this oversight to the attention of the government's attorney, the government provided the undisclosed documents. During the September 12 hearing, the court recognized that nothing in the record indicated that the government's failure to disclosure the documents was intentional, but nonetheless agreed that Mr. Smith had incurred expenses (specifically attorney's fees) because, during the first round of summary judgment motions in this cause, he did not have the benefit of the late-disclosed documents.

Finding Mr. Smith's request of $4,250 to cover the cost of his attorney's fees in litigating this action without the benefit of the late-disclosed documents to be reasonable, the court ordered the government to pay Mr. Smith's fees. Indeed, the court specifically noted during the hearing that, but for the government's non-disclosure, Mr. Smith would not have had to pay his attorneys to defend two summary judgment motions. On September 15, the court entered a memorandum of the Sep-

tember 12 hearing stating that, for reasons stated in open court, the court granted in part Mr. Smith's motion for sanctions to the extent it sought an award of $4,250 for the government's failure to comply with the Federal Rules of Civil Procedure. The court ordered the government to pay the award on or before September 30.

The government, in moving to modify the payment award, relies on the memorandum of the hearing and asserts that "the court did not explain the reasoning behind its ruling." The government further contends that because its nondisclosure was inadvertent and harmless, Mr. Smith is not entitled to an award of fees. These assertions are troubling given that the court explained its ruling during the hearing and specifically stated in the memorandum of the hearing that the court's rulings were premised on "reasons stated in open court"; the record reflects that the government made no attempt to order a transcript of the September 12 hearing and the court's oral rulings. The court cautions that Federal Rule of Civil Procedure 11 requires a reasonable inquiry into the allegations asserted in every pleading brought before the court. To the extent the government renews its argument that its non-disclosure was harmless, the court already has ruled (during the September 12 hearing) that it was not.

Rather than paying the award as directed by the court, the government filed the motion now before the court, seeking a modification of the payment directive. The United States first argues that although it has waived its sovereign immunity to pay a judgment against it for attorney fee sanctions under Federal Rule of Civil Procedure 37, it has not waived sovereign immunity as to payments made before judgment is entered. The government also contends that the court's order that payment be made by September 30 improperly enjoins the government from exercising its right to set-off the amounts owed to Mr. Smith against his tax liability.

■ The government is immune for actions for attorney's fees unless the United States has waived sovereign immunity, *Ruckelshaus v. Sierra Club*, 463 U.S. 680, 685, 103 S.Ct. 3274, 77 L.Ed.2d 938 (1983), but the Equal Access to Justice Act, at 28 U.S.C. § 2412, expressly waives the government's immunity from awards for attorney's fees. Under § 2412(b), the United States is liable for attorney's fees "to the same extent that any other party would be liable under the common law or under the terms of any statute which specifically provides for such awards," but the act provides for payment of attorney's fees only when a judgment is "final"—when the Attorney General "determines that no appeal shall be taken from [the] judgment or that no further review will be sought from a decision affirming the same." 28 U.S.C. § 2414. Because the statute only provides for payment of fees when a judgment is "final," the government insists that while the court has authority to issue a judgment against the United States for fees, it lacks the authority to order the United States to pay immediately an interim award, such as the one at issue here.

Although the issue appears to be one of first impression in this circuit, other courts that have considered the matter have concluded that, notwithstanding the limitations of the 28 U.S.C. § 2414, a court may order the United States to pay interim awards for attorney's fees before final judgement. *See Trout v. Garrett*, 891 F.2d 332 (D.C.Cir.1989); *Rosenfeld v. United States*, 859 F.2d 717 (9th Cir.1988); *Washington Post v. United States Dept. of Defense*, 789 F.Supp. 423 (D.D.C.1992); *Jurgens v. EEOC*, 660 F.Supp. 1097 (N.D.Tex. 1987). In *Trout*, the court reasoned:

Sovereign immunity is waived by statutes, for example, Title VII, that permit claims for money or other relief against the United States. The judgment fund legislation, in contrast, authorizes no claims for relief. It is auxiliary legislation; its sole office is to furnish "a mechanism for facilitating payment of judg-

ments" rendered on claims authorized by another statute.... We find no tenable support for the notion that Congress designed the judgment fund measure to retract or limit duly enacted waivers of sovereign immunity, and we do not doubt the government's ability to arrange for payment of its lawfully-declared debts.

891 F.2d at 335 (citations omitted).

■ Although the award of attorney fees in this case was done pursuant to Federal Rule of Civil Procedure 37, rather than (as in the cases cited above) interim fee awards under Title VII of the Civil Rights Act or the Freedom of Information Act, the reasoning of the other courts is equally applicable to the payment of the interim fee here because the Federal Rules of Civil Procedure have "the force of a federal statute." *Sibbach v. Wilson & Co.*, 312 U.S. 1, 16, 61 S.Ct. 422, 85 L.Ed. 479 (1941). In this context, as with interim awards made under Title VII or FOIA, "to acknowledge an interim award *awardable* against the government but not *payable* prior to a judgment the government accepts as final 'mak[es] nonsense of the concept of an interim award.'" *Trout*, 891 F.2d at 334, *quoting Rosenfeld*, 859 F.2d at 727 (emphasis in original). Plainly, Rule 37 contemplates an interim award, and does not require the entry of a simple judgment (as the government asks the court to do). In short, Rule 37 empowers the court to order the payment of money, not to enter a simple judgment, and it is unlikely that the provisions of the judgment fund statute were intended to alter the plain meaning of the rule. Sovereign immunity cannot excuse the government from paying Mr. Smith in accordance with the court's order.

■ The United States also argues that the court should modify its order to allow for setoff against Mr. Smith's debt stemming from his failure to pay taxes. The United States generally enjoys a right to set off a debt owed to the government against an adverse judgment, 31 U.S.C. § 3728; *United States v. Munsey Trust Co.*, 332 U.S. 234, 239, 108 Ct.Cl. 765, 67 S.Ct. 1599, 91 L.Ed. 2022 (1947), but like any other party, the United States is precluded from exercising its right of setoff absent mutuality of debt. *See, e.g., Capuano v. United States*, 955 F.2d 1427, 1429–30 (11th Cir.1992). In the context of an award for attorney's fees, the Fifth Circuit recently addressed the mutuality of debt issue in *Marre v. United States*, 117 F.3d 297 (5th Cir.1997). In *Marre*, the government attempted to set off awards to the plaintiffs of both damages under 26 U.S.C. § 7431 and attorney's fees under § 7430. As to the award for attorney fees under § 7430, the court held that the United States would be enjoined from its right of setoff because the award, though nominally made to the plaintiffs, was to go to their attorneys, so mutuality of debt was missing. *Id.* at 303–305. Despite the language of the statute authorizing the award (26 U.S.C. § 7434), which provided for a fee award to the "prevailing party," and that the award was nominally made to the plaintiff, the court reasoned that the real party in interest with respect to the award for fees was the attorney. *Id.*

The government attempts to distinguish *Marre*. First, it contends that *Marre* was wrongly decided on the mutuality of debt issue, and points out that the court's order directs the government to pay Mr. Smith, not his attorney. The court's order, however, merely reflects the general practice of courts to direct that payments be made by and to the litigants, and sheds little light on whether Mr. Smith or his attorney is the real party in interest. The government also contends that the waiver of sovereign immunity in 28 U.S.C. § 2412(b) only extends to a judgment of attorney's fees to a "prevailing party," but the statute at issue in *Marre* also required that the award of attorney's fees be awarded to the prevailing party and the *Marre* court still went on to determine that the real party in interest as to the award was the plaintiffs' attorney. 117 F.3d at 304 ("That the stat-

ute provides that attorneys' fees are to be awarded to the prevailing party is not controlling."). Given that the court's award to Mr. Smith solely was based on his incurrence of attorney's fees, the government has offered no convincing reason for this court to depart from the Fifth Circuit's reasoning in *Marre*.

■ The government next asserts that, pursuant to 26 U.S.C. § 7421(a), the court cannot enjoin the collection of taxes except under the most extraordinary circumstances. Because the government has outstanding assessments against Mr. Smith, the government apparently contends that the court cannot order the fee award to be immediately payable without running afoul of § 7421(a). The court simply is unpersuaded by this argument. The court is in no way prohibiting the government's ability to collect the monies owed by Mr. Smith; rather, the court is requiring the government to pay an award of fees for a discovery violation that any other party would be obligated to pay; the government is paying for its own conduct. Unconvinced that the government's right to setoff is properly exercised against an award of attorney's fees, the court declines to modify that part of its order requiring the government to pay the award on or before September 30.

In sum, the court DENIES the United States's motion for modification of the payment directive (filed September 29, 1997 (# 185)).

SO ORDERED.