Emmet G. Sullivan, United States District Judge
The Court has issued two previous Opinions in this case. In its September 28, 2018 Opinion, the Court held that plaintiffs, approximately 201 Members of the 535 Members of the United States Senate and House of Representatives, had standing to sue defendant Donald J. Trump in his official capacity as President of the United States ("the President") for alleged violations of the Foreign Emoluments Clause ("the Clause"). See Blumenthal v. Trump , 335 F. Supp. 3d 45, 72 (D.D.C. 2018). In its April 30, 2019 Opinion, the Court held that: (1) the term "Emolument" is broadly defined as any profit, gain, or advantage; (2) plaintiffs stated a plausible claim against the President for violations of the Clause; (3) plaintiffs have a cause of action to seek injunctive relief to prevent the President's violations of the Clause; and (4) the relief plaintiffs seek-an injunction against the President-is constitutional. See Blumenthal v. Trump , 373 F. Supp. 3d 191, 207, 211, 212 (D.D.C. 2019).
Pending before the Court are the President's motions for certification for interlocutory appeal of the Court's September 28, 2018 Order, ECF No. 60;[1] and April 30, 2019 Order, ECF No. 71-1. The President also moves to stay proceedings while the Court considers the motions and pending appeal if the Court grants them. Id . at 25. Upon careful consideration of the President's motions, the oppositions and replies thereto, and for the reasons explained below, the Court DENIES the President's motions.[2]
A District Court may certify an interlocutory order for immediate appeal if *80 the judge is "of the opinion that such order involves [1] a controlling question of law [2] as to which there is substantial ground for difference of opinion and [3] that an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Through section 1292(b), "Congress ... chose to confer on District Courts first line discretion" and "circumscribed authority to certify for immediate appeal interlocutory orders deemed pivotal and debatable." Swint v. Chambers County Comm'n , 514 U.S. 35, 46, 47, 115 S.Ct. 1203, 131 L.Ed.2d 60 (1995). The availability of immediate appeal of interlocutory orders subject to the requirements of section 1292(b) is an "exception to the firm final judgment rule governing federal courts." Trout v. Garrett , 891 F.2d 332, 335 (D.C. Cir. 1989). Accordingly, a party seeking certification pursuant to section 1292(b) must meet a high standard to overcome the "strong congressional policy against piecemeal reviews, and against obstructing or impeding an ongoing judicial proceeding by interlocutory appeals." United States v. Nixon , 418 U.S. 683, 690, 94 S.Ct. 3090, 41 L.Ed.2d 1039 (1974). "Although courts have discretion to certify an issue for interlocutory appeal, ... interlocutory appeals are rarely allowed [and] the movant 'bears the burden of showing that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of final judgement.' " Virtual Def. and Dev. Int'l, Inc. v. Republic of Moldova, 133 F. Supp. 2d 9, 22 (D.D.C. 2001) (citing First Am. Corp. v. Al-Nahyan, 948 F. Supp. 1107 (D.D.C. 1996) ). Finally, "[t]he moving party bears the burden of establishing all three elements" of the provisions of section 1292(b). U.S. House of Representatives v. Burwell , No. 14-1967, 2015 WL 13699275, at *1 (D.D.C. Oct. 19, 2015) (citing Nat'l Cmty. Reinvestment Coal. v. Accredited Home Lenders Holding Co. , 597 F. Supp. 2d 120, 121 (D.D.C. 2009) ); see also Butler v. DirectSat USA, LLC, 307 F.R.D. 445, 452 (D.Md. 2015) ("Unless all of the statutory criteria are satisfied ... 'the district court may not and should not certify its order ... under section 1292(b).' ") (citing Ahrenholz v. Bd. of Trs. of the Univ. of Ill. , 219 F.3d 674, 676 (7th Cir.) ).
The President contends that the Court's Orders involve four controlling questions of law: (1) whether plaintiffs have standing to sue, Def.'s Statement of P. & A. in Supp. of Mot. for Certification ("Def.'s Br.") ECF No. 60-1 at 8;[3] (2) whether plaintiffs have an equitable cause of action; (3) whether the Court can order the declaratory and injunctive relief sought; and (4) the meaning of the Clause, Def.'s Suppl. Br. in Supp. of His Mot. ("Def.'s Suppl. Br."), ECF No. 71-1 at 10.
Despite bearing the burden of establishing all three elements of section 1292(b), the President has made little effort to demonstrate the third element-that "an immediate appeal from the [Court's Orders] may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). The President contends that this element is met because there are substantial grounds for difference of opinion as to whether plaintiffs have standing to sue and if the Court was reversed on this issue, the case would be terminated for lack of jurisdiction. Def.'s Br., ECF No. 60-1 at 23. The President also states that "[r]esolution of either of the two threshold justiciability questions [whether plaintiffs have standing to sue and whether plaintiffs *81 have an equitable cause of action] in the President's favor would terminate this suit. And if the Court of Appeals agrees with the President's interpretation of the Foreign Emoluments Clause, the case would be substantially narrowed, if not over." Def.'s Suppl. Br., ECF No. 71-1 at 7.
But as plaintiffs point out, if reversal by the Court of Appeals were the standard for meeting this element of the section 1292(b) test, "every denial of a defendant's dispositive motion would merit an interlocutory appeal." Pls.' Opp'n, ECF No. 61 at 12 (citing Educ. Assistance Found. v. United States , No. 11-1573, 2014 WL 12780253, at *3 (D.D.C. Nov. 21, 2014) ("Any immediate appeal under an interlocutory order could affect the conduct of litigation and avoid unnecessary litigation."). Furthermore, the President's "contention that certification of this Court's Orders for interlocutory appeal will materially advance this litigation necessarily assumes that [he] will prevail on appeal." Judicial Watch Inc. v. Nat'l Energy Policy Dev. Group , 233 F. Supp. 2d 16, 28 (D.D.C. 2002).
To determine whether the third element has been met, the Court considers whether an immediate appeal "would likely and materially advance the ultimate determination" of the litigation. Educ. Assistance Found. , 2014 WL 12780253, at *3 (quoting McKenzie v. Kennickell , No. 73-0974, 1986 WL 32653, at *2 (D.D.C. Oct. 27, 1986) ; see also Burwell , 2015 WL 13699275, at *1 (noting that the third element was not satisfied where the case could be "decided in a matter of months-likely before an interlocutory appeal could even be decided"). The Court also considers whether "[a]n immediate appeal would conserve judicial resources and spare the parties from possibly needless expense." APCC Services Inc. v. AT&T Corp. , 297 F. Supp. 2d 90, 100 (D.D.C. 2003).
Here, the parties agree that all of the issues in this case can be resolved on cross motions for summary judgment. See Local Rule 16.3 Report, ECF No. 75 at 3. Plaintiffs have proposed a three month time period for discovery commencing June 28, 2019 and concluding September 27, 2019. Id . at 6. The President states that "fact discovery should not commence unless the Court denies the motion for interlocutory appeal," id. at 7, and the parties agree on a proposed briefing schedule that would be complete within another three months, id . at 5.
The parties agree, therefore, that discovery will conclude and cross motions for summary judgment will be fully briefed within six months. Once the cross motions are ripe, the Court will be able to resolve them expeditiously thereby terminating the case. In view of this abbreviated discovery and briefing schedule, the President has not "carried [his] burden of demonstrating that interlocutory appeal of this question at this point in time would materially advance the litigation as a whole." Judicial Watch , 233 F. Supp. 2d at 29. This discovery and briefing schedule stands in stark contrast to cases in this district where Courts have found the moving party to have met the burden of establishing the third element of the section 1292(b) test. For example, in Molock v. Whole Foods Market Group , Judge Mehta observed that "[d]iscovery in this case, in its present form, promises to be drawn out, complex, and expensive" and that "[t]he potential time and expense of obtaining such discovery is staggering." 317 F. Supp. 3d 1, at *7 (D.D.C. 2018). In APCC Services Inc. , Judge Huvelle found the third element of the section 1292(b) test to be satisfied in protracted litigation where discovery had been ongoing "more than four years after the filing of the suit" and where the significant costs of discovery *82 were expected to "exceed any possible damages award." 297 F. Supp.2d at 109.
The President asserts that " '[w]hen there are substantial grounds for difference of opinion as to a court's subject matter jurisdiction, courts regularly hold that immediate appeal may materially advance the ultimate termination of the litigation.' " Def.'s Br., ECF No. 60-1 at 23 (quoting Al Maqaleh v. Gates , 620 F. Supp. 2d 51, 55 (D.D.C. 2009) ) (citing APCC Services Inc. , 297 F. Supp. 2d at 109 and Lemery v. Ford Motor Co. , 244 F. Supp. 2d 720, 728 (S.D. Tex. 2002) ). This Court does not read the cited cases to support such a broad proposition and finds the facts here to be distinguishable. The Court has explained Judge Huvelle's reasoning in APCC Services Inc . for finding this element to have been satisfied supra, and in Lemery , the Court found this element to be satisfied with little analysis in a products liability case where there would be protracted discovery at "tremendous expense." 244 F. Supp. 2d at 728. Neither situation is the case here. Furthermore, although in each case, the question for certification involved a jurisdictional issue, that was not the sole reason the Court found this element to be satisfied and for granting the motion.
The President also argues that the cases plaintiffs cite in support of their argument actually support his position because each of the cases was in a late stage and "certain to conclude in relatively short order through a resolution of summary judgment motions or a brief trial." Def.'s Reply, ECF No. 62 at 5. The Court disagrees that the cases provide support for the President's position. Rather, these cases are more similar to the situation here, where even though discovery has not begun, it will be scheduled to conclude and cross motions for summary judgment to be fully briefed within six months. See Burwell , 2015 WL 13699275 at *1 (denying motion for certification because "[u]nlike typical civil litigation, where the denial of a motion to dismiss would be followed by months or even years of discovery, this case is presently suited for summary disposition," which could be decided "in a matter of months"); United States ex rel. Barko v. Halliburton Co. , 4 F. Supp. 3d 162, 167 (D.D.C. 2014) (denying motion for certification in part because "[t]o pause litigation so close to the end of discovery and so near the deadline for summary judgment briefing would waste judicial resources."). While some of the cases cited were poised for a quicker resolution than is the case here, see Washington Tennis & Educ. Found., Inc. v. Clark Nexsen , Inc., 324 F. Supp. 3d 128, 146 (D.D.C. 2018) ("Once calendared, trial on Defendant's counterclaim can be accomplished in less than a week."); Brown v. Pro Football Inc. , 812 F. Supp. 237, 239 (D.D.C. 1992) ("Given that the trial on damages is imminent, it is evident that it would not expedite the ultimate termination of this litigation to delay proceedings for an interlocutory appeal."); Singh v. George Washington Univ. , 383 F. Supp. 2d 99, 105 (D.D.C. 2005) ("With this litigation poised for a relatively short, limited trial, it would not materially advance the termination of the litigation to authorize a piecemeal appeal."), this case will be poised for resolution within six months; an immediate appeal would hardly materially advance its ultimate termination.
Since the President has failed to meet his burden of establishing "that an immediate appeal from the order may materially advance the ultimate termination of the litigation," 28 U.S.C. § 1292(b), the Court need not consider whether the President has met his burden of establishing the other two criteria for certifying an order for an immediate appeal. See Educ. Assistance Found. , 2014 WL 12780253, at *3 ("The plaintiff having failed to establish *83 that the Court's ruling on the admissibility of the subject document presents a controlling question of law, and that an interlocutory appeal would materially advance the litigation, the Court need not consider whether there exists a substantial ground for a difference of opinion regarding the document's admissibility.") (citing 28 U.S.C. § 1292(b) and Ahrenholz, 219 F.3d at 676 ("Unless all these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b)."); Baylor v. Mitchell Rubenstein & Assocs. , No. 13-1995, 2014 WL 12644263, at *2 (D.D.C. July 30, 2014) ("But even if the Court were able to find that substantial grounds for difference of opinion did exist, it would nonetheless deny the motion for certification because plaintiff has not demonstrated that this case satisfies section 1292(b)'s third requirement: 'that an immediate appeal from the order may materially advance the ultimate termination of the litigation.' ") (citation omitted).
The President argues that the exceptional circumstances of this case make certification for interlocutory appeal appropriate. See Def.'s Br., ECF No. 60-1 at 10-13. But "even if the circumstances [are] truly extraordinary ... that would favor certification only if all the criteria required by § 1292(b) are otherwise met." District of Columbia v. Trump , 344 F. Supp. 3d 828, 842 (D. Md. 2018). As explained above, the President has failed to meet his burden of demonstrating the third element of the section 1292(b) test.
The President also moves to stay proceedings: (1) while the Court considers the section 1292(b) motions; and (2) pending appeal if the Court grants the motions. Def.'s Suppl. Br., ECF No. 71-1 at 25. Because the Court has denied the President's motions for certification, his request to stay proceedings pending consideration of the motions and pending appeal if the motion is granted are DENIED as MOOT.
Accordingly, it is hereby
ORDERED that [60] the President's motion for certification for interlocutory appeal of the Court's September 28, 2018 Order is DENIED ; and it is further
ORDERED that [71] the President's motion for certification for interlocutory appeal of the Court's April 30, 2019 Order and for stay is DENIED .
SO ORDERED.

The President filed his first motion for certification of interlocutory appeal before the Court had ruled on all the issues the President raised in his motion to dismiss the complaint. To conserve judicial resources, the Court declined to consider the first motion until it had ruled on all the issues raised in the motion to dismiss as the ruling could have rendered the motion for certification of interlocutory appeal moot. The President's argument in his initial brief that the Court of Appeals could render a quick decision on the single issue of standing, Def.'s Reply, ECF No. 62 at 4, is therefore moot.

The Court thanks amici for their submission.

When citing electronic filings throughout this Memorandum Opinion and Order, the Court cites to the ECF header page number, not the original page number of the filed document.