**In the Matter of C. A. P.**

**No. 9365.**

District of Columbia Court of Appeals.

June 16, 1976.

---

Before REILLY, Chief Judge, and KEL-LY, FICKLING, KERN, GALLAGHER, NEBEKER, YEAGLEY, HARRIS and MACK, Associate Judges.

### ORDER

On consideration of the petition for rehearing and rehearing en banc filed by counsel for C.A.P. and of the responsive pleadings filed with respect thereto, it is

ORDERED that the aforesaid petition is denied.

PER CURIAM.

Associate Judges FICKLING, GALLAGHER and HARRIS would grant the petition for rehearing en banc.

### ADDENDUM TO OPINION

KELLY, Associate Judge:

The petition for rehearing and rehearing en banc raises an issue not discussed in the court's original opinion; namely, what effect does our ruling have on about one hundred children who have had their parental rights terminated pursuant to Super.Ct. Neg.R. 18(c) and who are now in some stage of the adoption process or who have been adopted by reliance in part upon Rule 18(c).[1] While there appears to be no exact parallel, numerous cases discuss the problem of the retrospective application of a court decision in terms of statutes which are declared unconstitutional or in terms of erroneous rulings of law from which no appeal is taken.

In *Stoll v. Gottlieb,* 305 U.S. 165, 59 S. Ct. 134, 83 L.Ed. 104 (1938), it was held that where the issue of the court's jurisdiction had been litigated in one action, it became res judicata and could not thereafter be challenged by collateral attack. This rule was extended in *Chicot County Drainage District v. Baxter State Bank,* 308 U.S. 371, 60 S.Ct. 317, 84 L.Ed. 329 (1940), to the case where the unsuccessful litigant in the prior action had appeared and contested on the merits without expressly raising the jurisdictional point. This also became res judicata because the issue was one which was implicitly passed on and which might have been expressly litigated. While in *Chicot* the Court was dealing with an unconstitutional statute, the rationale is equally applicable to our holding concerning the validity of Rule 18(c). Thus, if in the future the question were raised, it is apparent that the doctrine of res judicata would far

---

1. The petition also asserts that the termination proceedings were instituted by C.A.P. through her counsel and not by the Department of Human Resources (DHR). The record is clear, however, that the child was at all times in the legal custody of the DHR; that a copy of the motion for termination was hand delivered to the Assistant Corporation Counsel's Office in the Juvenile Branch of the Family Division of the Superior Court; and that the affidavit supporting the petition was sworn to before an Assistant Corporation Counsel. Thus the termination petition was brought with the implicit approval of the Corporation Counsel. We, therefore, treat the petition, although nominally by C.A.P., as being brought by the District of Columbia through the Volunteer Attorneys Office.

outweigh any argument that a termination of parental rights by Superior Court is beyond its jurisdiction. *See* Restatement, Judgments § 10 (1942). The policy of finality, especially in adoption proceedings, would surely protect those children who have been adopted and likewise would protect children who have not yet been adopted but have had parental rights terminated pursuant to Rule 18(c), if the adoption or termination is not on appeal and the time for appeal has expired.

If there were a challenge not to the subject matter jurisdiction of Superior Court but rather to the validity of an order entered under Rule 18(c), such an appeal would likewise appear futile. Given the fact that Superior Court has jurisdiction over adoptions and neglected children, both termination orders heretofore entered pursuant to Rule 18(c) and adoptions finalized in reliance on that rule are valid. The Superior Court in such situations has made an error of law and the parties before it had the right to appeal. If no appeal is taken, the orders are final and legally binding on the parties. *See Collins v. City of Wichita, Kansas,* 254 F.2d 837, 839 (10th Cir. 1958); *Roebuck v. Walker-Thomas Furniture Co., Inc.,* D.C.App., 310 A.2d 845 (1973).

Ordinarily court decisions are retrospective as well as prospective in effect, but there is ample precedent for allowing rulings to be prospective only. As the court stated in *Safarik v. Udall,* 113 U.S.App.D.C. 68, 73–74, 304 F.2d 944, 949–50 (1962):

[T]he general rule is subject to a well-settled exception that courts ordinarily will give prospective effect only to a decision overruling prior decisions where persons have contracted, acquired rights, or acted in reliance on the prior decision, and the operation of the later decision retrospectively would result in substantial harm to such persons.

The power of a court to make its decisions operate only prospectively "whenever injustice or hardship will thereby

be averted" is undoubted. Footnotes omitted.]

In view of the concern expressed by petitioners concerning the status of children and parents who have been parties to a proceeding for the termination of parental rights under Super.Ct.Neg.R. 18(c) before the issuance of our opinion in this case, we hold that the decision shall have prospective application only. The decision will be binding on any case wherein the judgment has not become final at the time of our decision in this case, but shall not have any retroactive application to proceedings already completed on that date.