**In the Matter of C. I. T. and C. M. T.**

**No. 9585.**

District of Columbia Court of Appeals.

Argued Dec. 2, 1976.

Decided Feb. 16, 1977.

Abraham Dobkin, Washington, D.C., for appellant father.

William Sturner, Bethesda, for C.I.T. and C.M.T.

Before NEWMAN, Chief Judge, and KELLY and MACK, Associate Judges.

NEWMAN, Chief Judge.

Appellant, the natural father of C.I.T. and C.M.T., seeks reversal of an order terminating his parental rights in a proceeding pursuant to Super.Ct.Neg.R. 18(c). He correctly contends that our decision in *In re C.A.P.*, D.C.App., 356 A.2d 335 (1976), holds the Superior Court is without jurisdiction to terminate parental rights pursuant to Super.Ct.Neg.R. 18(c). Rely-

ing on Rule 4 II(a) of this court and our later addendum to the *C.A.P.* opinion,[1] respondents contend that appellant's notice of appeal was not timely filed and thus the trial court order is not subject to direct or collateral attack. We agree with respondents' contention and dismiss this appeal.

The order terminating appellant's parental rights was entered on February 14, 1975, in open court in the presence of counsel for appellant.[2] In this order, the court set a dispositional hearing for February 28, 1975, to review the further placement of the children who had been under commitment to the Department of Human Resources (hereafter DHR) since December 3, 1970. At the disposition hearing held on February 28, 1975, the commitment to DHR was continued with instructions to seek prompt adoptive placements for the children. Appellant's notice of appeal was filed on March 31, 1975.

■ ■ ■ Under Rule 4 II(a) of this court, all appeals must be filed within 30 days of the challenged order unless the time is tolled or extended. The time limit is mandatory and jurisdictional. *Valentine v. Real Estate Commission,* D.C.Mun.App., 163 A.2d 554 (1960). The challenged order must be a final disposition of the case. *Whitman v. Noel,* D.C.Mun.App., 53 A.2d 280 (1947); *Jacobsen v. Jacobsen,* 75 U.S. App.D.C. 223, 126 F.2d 13 (1942). In a nutshell, the issue here is whether the final order being appealed is the order of February 14 terminating parental rights, rather than the order dated February 28 continuing the commitments of the minors. Appellant asserts that he is challenging both orders, which, he contends, are unitary in

that they are equal parts of the total judgment. If he is correct, his appeal, filed within 30 days after the disposition order, is timely.

Consideration of the effect of the orders themselves highlights the fallacy of appellant's position. The order of February 14 clearly purported to be a final adjudication terminating and extinguishing any right in appellant to govern or direct the lives of the minor children. It did not purport to make this ruling contingent on anything to be done at a subsequent hearing. As was patently clear in the order of February 14, the further hearing was solely for the purpose of determining the continued status of the children. This later hearing resulted in the maintenance of the status quo of the prior five years—commitment to DHR— with the added directive that a prompt adoptive placement be sought. What impact this later proceeding could have had on appellant's legal status as a parent is difficult, if not impossible, to perceive.

Further, appellant's argument proves far too much. Given the continuing jurisdiction of the court over minors committed by it to DHR,[3] and the periodic reviews necessary to such commitments, if appellant's view is correct, he could appeal the termination order of February 14 within 30 days of any subsequent order extending the commitment of the minors. That this view is incorrect is indicated by our decision in *In re Lem,* D.C.Mun.App., 164 A.2d 345 (1960). There, we held that an order purporting to terminate certain parental rights was final and appealable upon the entry of the order of termination in spite of the continuing jurisdiction of the court over the minor.[4]

---

1. *In re C.A.P.,* D.C.App., 359 A.2d 11 (1976). We limited our decision to prospective application only and held it to be inapplicable to any case where the judgment had become final prior to April 13, 1976.

2. The parental rights of the natural mother were also terminated by this order. Although represented by counsel in the trial court, she has not appealed.

3. D.C.Code 1973, § 16–2303.

4. We held the notice of appeal therein timely because of the pendency of a motion for rehearing, the conducting of the rehearing, and the subsequent relief from which appeal was taken. No such motion was filed in this case.

We conclude, therefore, that the order of February 14, 1975, terminating appellant's parental rights, was a final, appealable order. Nothing having occurred to toll or extend the time for appeal, appellant's notice filed on March 31 was out of time and this court lacks jurisdiction.

The appeal is *dismissed*.