William R. DYER, Appellant,

v.

WILLIAM S. BERGMAN &
ASSOCIATES, INC.,
Appellee.

WILLIAM S. BERGMAN &
ASSOCIATES, INC.,
Appellant,

v.

William R. DYER, Appellee.

Nos. 91–CV–1110, 92–CV–
80 and 92–CV–131.

District of Columbia Court of Appeals.

Argued June 17, 1993.

Decided July 15, 1993.

Opinion Filed Aug. 30, 1993.

Jonathan A. Constine, with whom Clifford
D. Stromberg, Washington, DC, was on the
brief, for appellant/cross-appellee William R.
Dyer.

Douglas E. Fierberg, Washington, DC, for
appellee/cross-appellant William S. Bergman
& Associates, Inc.

Before ROGERS, Chief Judge, and
TERRY and STEADMAN, Associate
Judges.

TERRY, Associate Judge:

Two of these three consolidated appeals
(Nos. 91–CV–1110 and 92–CV–131) are taken
from a judgment against appellant Dyer for
breach of contract and tortious interference
with contractual relations; each party con-
tests various aspects of that judgment. The
third appeal (No. 92–CV–80) is taken from an
order awarding attorney's fees to appellee
William S. Bergman & Associates, Inc. All
three appeals were noted while a "Motion to
Reconsider and Vacate Order Granting Re-
mittitur" was pending before the trial court.
At oral argument on June 17, 1993, we were
informed by counsel that on June 9, eight
days earlier, the trial court had entered an
order granting this motion in part, thereby
modifying its earlier judgment. We received
a copy of that June 9 order shortly thereaf-
ter. In light of this development, we con-
cluded that we lacked jurisdiction to enter-

tain the instant appeals, and accordingly we entered an order on July 15 dismissing all three. This opinion will explain the reasons behind our order of dismissal.

## I

This suit was filed by William S. Bergman & Associates, Inc. (Bergman), a management services company, against William Dyer, one of its former employees. Dyer's contract with Bergman contained a non-competition clause preventing him from soliciting business from, or working for, any past or present Bergman client for a period of one year following the termination of his employment at Bergman. In October 1989 Dyer was fired by Bergman, and almost immediately he formed his own management services company. Soon thereafter one of Bergman's largest clients, the National Structured Settlements Trade Association (NSSTA), breached its management contract with Bergman by terminating the contract in October 1989, instead of waiting until the end of the contract term in January 1990. NSSTA then hired Dyer's newly formed company to provide the management services formerly provided by Bergman.

Bergman promptly filed this suit against Dyer, seeking a temporary restraining order to prevent Dyer from working for NSSTA. Bergman also asserted claims against Dyer for breach of the non-competition clause of his employment contract and for tortious interference with its contractual relationship with NSSTA. The latter two claims were tried before a jury, which returned a verdict for Bergman on both claims.[1] The jury found that Dyer had breached his employment contract by agreeing to work for NSSTA, but awarded Bergman no compensatory damages on this claim. The jury did, however, award $20,625 in compensatory damages and $82,500 in punitive damages on Bergman's claim for tortious interference with contractual relations. A judgment in the amount of the total damages awarded, plus interest from the date of the verdict, was entered on the docket on June 27, 1991.

The next day, June 28, Dyer moved for a judgment notwithstanding the verdict, a new trial, or a remittitur. On August 23 the court denied Dyer's motion; however, the court ordered a credit against the judgment for "all sums received by Bergman in satisfaction of its judgment on arbitration award against [NSSTA]" (hereafter "the NSSTA credit"). On September 5 Bergman filed a motion to reconsider and vacate that portion of the August 23 order granting the NSSTA credit.[2] While that motion was pending, all three of the instant appeals were noted.

At a hearing on all outstanding post-trial motions, including Bergman's motion to vacate the NSSTA credit, the court concluded that it was unable to rule on that motion without a copy of the trial transcript, which had not yet been prepared. In due course, on June 9, 1993, the trial court issued an order granting Bergman's motion in part. It concluded that its prior order granting a credit for the full amount of the arbitration award received by Bergman from NSSTA was partially in error and reduced the NSSTA credit from $27,795.02 to $20,625.00, the amount of compensatory damages awarded by the jury.

## II

The appellate jurisdiction of this court is statutorily limited to the review of "final

---

1. Bergman's complaint also contained claims for breach of fiduciary duty and for violation of the Uniform Trade Secrets Act, D.C.Code §§ 48–501 et seq. (1990). The trial court granted a directed verdict for Dyer on both claims. Dyer in turn asserted a counterclaim against Bergman for accrued vacation and sick leave due under his employment contract. The jury awarded Dyer $5,000 on this counterclaim.

   Bergman also filed a separate breach of contract action against NSSTA based on NSSTA's breach of its contract with Bergman. That claim was resolved in an arbitration proceeding in which Bergman was awarded $25,500 plus interest.

2. Bergman argued that the NSSTA arbitration award did not represent a double recovery for the same damages awarded in this litigation and that the judgment should therefore not have been reduced by that amount. Bergman maintained that the award against NSSTA compensated it for unpaid management fees and expenses for the period from the date of the breach until the end of the contract term, whereas the damages awarded against Dyer were for lost profits on the contract during the same period.

orders and judgments of the Superior Court of the District of Columbia." D.C.Code § 11–721(a)(1) (1989). To obtain such review in a civil case, a party must file a notice of appeal with the Clerk of the Superior Court. *See* D.C.Ct.App.R. 4(a)(1). Absent excusable neglect, an appeal must be noted within thirty days after the entry of the order or judgment from which the appeal is taken, or within fourteen days after the filing of a notice of appeal by any other party to the litigation. *Id.; see, e.g., Vincent v. Anderson,* 621 A.2d 367, 370 (D.C.1993).

These appeals come before us in an unusual procedural posture. They were noted while Bergman's post-trial "Motion to Reconsider and Vacate Order Granting Remittitur" was pending before the trial court. Under this court's Rule 4(a)(2), the running of the time for filing a notice of appeal is "terminated as to all parties" upon the filing of certain enumerated motions in the trial court, including a motion to "vacate, alter or amend the order or judgment," [3] which Bergman's motion was.[4] Thus the filing of that motion "terminated" the time within which appeals could be taken from the underlying judgment. *See Coleman v. Lee Washington Hauling Co.,* 388 A.2d 44, 47 (D.C.1978).

■■■ Appeals noted while the time within which they are to be taken has been "terminated" are deemed premature. *See Carter v. Cathedral Avenue Cooperative, Inc.,* 532 A.2d 681, 683 (D.C.1987); *accord, In re J.F.,* 615 A.2d 594, 596 n. 6 (D.C.1992); *Green v.*

*United States,* 584 A.2d 599, 600–601 (D.C. 1991); *D.D. v. M.T.,* 550 A.2d 37, 42 n. 5 (D.C.1988). When an appeal is prematurely filed, we lack jurisdiction to decide the substantive claims raised on appeal because jurisdiction of the case is retained by the trial court.[5] *Carter, supra,* 532 A.2d at 683. Our cases make clear that jurisdiction of such an appeal will lie in this court only if the trial court, by the time of our disposition of the case, has in fact ruled upon the pending motion, "since the required further action by the trial court [has] in fact been performed by that time." *Id.; accord, Robinson v. Howard University,* 455 A.2d 1363, 1365 n. 1 (D.C.1983). Here all three appeals were clearly premature because all three notices of appeal were filed by the parties long before the court ruled on Bergman's pending motion. While in other circumstances the trial court's order of June 9 granting that motion in part might have cured their prematurity, we hold that in this case it did not.

■■■ The effect of the trial court's June 9 order was to nullify the previously existing judgment in favor of Bergman and displace it with one reflecting the modified credit ordered by the court. *See, e.g., Coleman, supra,* 388 A.2d at 45 n. 2. For this reason, the judgment of June 27, 1991, from which the first two appeals were taken, was not in fact the "final" judgment. To be final, and therefore reviewable, an order "must 'dispose[ ] of the whole case on its merits so that the court has nothing remaining to do but to execute the judgment or decree already rendered.' " *Trilon Plaza Co. v. Allstate Leasing Corp.,* 399 A.2d 34, 36 (D.C.1979) (citation omitted).

3. D.C.Ct.App.R. 4(a)(2) provides in pertinent part:

> The running of time for filing a notice of appeal is terminated as to all parties by the timely filing ... of any of the following motions: For judgment notwithstanding the verdict; to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; to vacate, alter or amend the order or judgment; for new trial; for reconsideration if authorized by the rules of the Superior Court; and any other motion seeking relief in the nature of the foregoing.

4. We conclude that Bergman's motion is best characterized as a motion under Super.Ct.Civ.R.

59(e) to alter or amend the judgment. The relief requested was an amendment to the then-existing judgment of June 27, 1991, as modified by the order of August 23. *See State Farm Mutual Automobile Insurance Co. v. Brown,* 593 A.2d 184, 185 (D.C.1991); *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C. 1984). As we said in *Wallace,* "[t]he nature of a motion is determined by the relief sought, not by its label or caption." *Id.* (citations omitted).

5. Of course, we always have jurisdiction for the limited purpose of determining our jurisdiction. *See Horton v. United States,* 591 A.2d 1280, 1283 n. 7 (D.C.1991).

# 1288

The lack of finality is a bar to appellate jurisdiction. As the Supreme Court has held with respect to the federal counterpart to D.C.Code § 11–721:

> The effect of the statute is to disallow appeal from any decision which is tentative, informal or incomplete. Appeal gives the upper court a power of review, not one of intervention. So long as the matter remains open, unfinished or inconclusive, there may be no intrusion by appeal.

*Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1225, 93 L.Ed. 1528 (1949), quoted in *Trilon Plaza Co., supra,* 399 A.2d at 37; *accord, e.g., Southland Industries, Inc. v. FCC,* 69 App. D.C. 82, 83–84, 99 F.2d 117, 118–119 (1938). In these circumstances, the unmodified judgment originally entered, from which the parties' cross-appeals were taken (and which no longer exists), was not final, and therefore we lack jurisdiction.

Dyer contends that the pendency of Bergman's motion does not make the original judgment non-final. Relying on this court's decision in *Weaver v. Grafio,* 595 A.2d 983 (D.C.1991), Dyer argues that the trial court's ruling affected only "satisfaction of the June 21 judgment [and did] not affect the finality of that judgment." In *Weaver* we held that the pendency of a motion for sanctions under Super.Ct.Civ.R. 11 did not prevent the underlying judgment from being "final" within the meaning of section 11–721. *Weaver,* however, is inapposite here. The pending motion in that case, unlike the one in the case at bar, was "not tied to the outcome of [the] litigation." *Business Guides, Inc. v. Chromatic Communications Enterprises, Inc.,* 498 U.S. 533, 553, 111 S.Ct. 922, 934, 112 L.Ed.2d 1140 (1991), quoted in *Weaver, supra,* 595 A.2d at 986. Claims for sanctions, like claims for attorney's fees, are "not part of the merits of the action to which the fees pertain," *Budinich v. Becton Dickinson & Co.,* 486 U.S. 196, 200, 108 S.Ct. 1717, 1721,

100 L.Ed.2d 178 (1988), and thus the pendency of such a motion does not operate to deprive an appellate court of jurisdiction for lack of finality.

■ As to the third appeal, brought by Dyer from an award of attorney's fees, it too must be dismissed. Because the underlying action was still pending before the trial court when this appeal was filed, the third appeal is taken from an interlocutory order. Interlocutory orders granting attorney's fees are not immediately appealable under section 11–721 before entry of a final judgment. *See Burleson v. American Security Bank,* 461 A.2d 458 (D.C.1983); *Trout v. Garrett,* 282 U.S.App.D.C. 33, 36, 891 F.2d 332, 335 (1989); *cf. Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 396, 110 S.Ct. 2447, 2456, 110 L.Ed.2d 359 (1990) (likening attorney's fee awards to Rule 11 sanctions, which are generally "made after the principal suit has been terminated").[6] The rule exemplified in cases such as *Carter* and *Robinson,* which held that the completion of some "required further action"[7] by the trial court could retroactively validate a premature appeal, does not affect this case because, as *Robinson* illustrates, that rule applies only when the "required further action" relates to the order or judgment being appealed—which in this case would be the original judgment, not the attorney's fee award. Consequently, we hold that because there was no final order on the merits in existence at the time the attorney's fee appeal was noted, it was premature and must be dismissed for lack of jurisdiction.

Because this court lacks jurisdiction of any of the three instant appeals, they must be and are

### *Dismissed.*

---

**6.** Of course, the pendency of a request for attorney's fees after the entry of judgment on the merits does not affect the finality of that judgment. "As a general matter ... a claim for attorney's fees is not part of the merits of the action to which the fees pertain," *Budinich, supra,* 486 U.S. at 200, 108 S.Ct. at 1721, so that "an unresolved issue of attorney's fees for the

litigation in question does not prevent judgment on the merits from being final." *Id.* at 202, 108 S.Ct. at 1722.

**7.** *Carter v. Cathedral Avenue Cooperative, Inc., supra,* 532 A.2d at 683.