CIRCLE LIQUORS, INC.,
Appellant/Cross–
Appellee,

v.

Herman COHEN, Appellee/Cross–
Appellant.

Nos. 93–CV–1380, 93–CV–1572.

District of Columbia Court of Appeals.

Argued Jan. 10, 1995.
Decided Jan. 29, 1996.

---

Jay S. Weiss, Washington, DC, with whom Barry S. Kopit, Rockville, MD, was on the brief, for appellant/cross-appellee.

James H. Heller, Washington, DC, with whom Stephen Z. Chertkof was on the brief, for appellee/cross-appellant.

Before WAGNER, Chief Judge, KING, Associate Judge, and BELSON, Senior Judge.

KING, Associate Judge:

In this breach of employment contract action, appellant Circle Liquors, Inc. ("Circle"), the former employer of appellee Herman Cohen ("Cohen"), seeks reversal of a judgment in favor of Cohen, or in the alternative, a new trial. Circle contends that the trial court erred in denying its motions for directed verdict and judgment as a matter of law. Alternatively, Circle claims it is entitled to a new trial because of asserted instructional error by the trial court. On cross-appeal, Cohen challenges the trial court's grant of Circle's motion for remittitur and entry of judgment in the amount of $47,900, an amount less than that awarded by the jury. Because we conclude we are without jurisdiction to hear the merits of these appeals, we must dismiss them. However, we vacate the order entering judgment for $47,900, which the trial court entered without jurisdiction.

## I.

Although we dismiss these appeals on jurisdictional grounds, we set forth, in some detail, the facts underlying the dispute to aid in understanding the jurisdictional issues presented.

In August 1984, after working for thirty-eight years as the general manager of Central Liquors in the District of Columbia, Cohen was hired by Circle's Board Chairman, Jeffrey Gildenhorn ("Gildenhorn"), to whom he was related by marriage, to work as manager of Circle. At Cohen's request for "something in writing," Gildenhorn gave Cohen a letter on company stationery which stated:

> Your weekly salary beginning August 6, through December 31, 1984 will be $1,000 per week. Beginning January 9, 1985 through December 1985 your compensation will be based on the volume of business of Circle Liquor Store, Incorporated. The scale will be the following: $2,000,000 a year in sales through $2,500,000 yearly compensation of $52,000 a year compensation; over $2,500,000 a year in sales $60,000 a year compensation.

Cohen testified that he believed this letter provided "a permanent job for me to increase the volume of business at Circle Liquor Store," and that the contract, binding on both himself and Circle, was terminable only upon bankruptcy.

In August 1985, Gildenhorn and Cohen had a conversation regarding Cohen's rate of compensation. According to Cohen:

> Jeffrey Gildenhorn called me into the office and said that business is not as—not

very good and I will have to lower your salary and when business gets a little better I will see to it that you will get your salary back.

In the wake of that conversation, Cohen's salary was reduced from $1,000 per week to $700 per week, and Cohen continued to work at Circle at that salary until his termination in September 1991. Cohen testified that he did not confront Gildenhorn about the continued reduction in his salary because he did not have access to Circle's business records and he relied on Gildenhorn's good faith to restore his salary when sales reached the agreed upon sum of two million dollars. Cohen also stated that he was reluctant to cause family conflicts with the Gildenhorns.

Cohen was terminated from Circle on September 5, 1991, for reasons unrelated to this appeal. On September 27, 1991, Cohen filed this action against Circle for breach of its promise to compensate him according to Circle's volume of sales. Cohen maintained he was entitled to two weeks of unused vacation and $300 [1] per week for each week he worked during the three years preceding the filing of this action, i.e., September 27, 1988 (three years before filing suit) through September 5, 1991 (the date of termination).[2]

After gaining access to Circle's income tax returns during discovery, Cohen learned, for the first time, that sales had increased from $1,546,159 the year before Cohen was hired (1983), to $1,817,173 during the year Cohen was hired (1984), to $2,264,351 the first full year he was with Circle (1985). Except for 1986, Circle's gross sales were in excess of two million, but not over two and one-half million dollars, every year thereafter, through and including 1991, the year Cohen was terminated.[3]

Gildenhorn testified that he did not hire Cohen "for life," but rather on a temporary basis, based upon Cohen's ability to "make profits [for Circle] from the business that he bring[s] in," and that the aforementioned letter constituted salary arrangements only through December 1985. Gildenhorn further testified that he spoke to Cohen about his "incompetence and negligence ... [and] explained to him ... that business was bad," and therefore, his salary would permanently be reduced to $700 per week. In exchange for this "change of salary arrangement[s]," Gildenhorn testified that Cohen agreed to accept Saturdays off and the use of Circle's company car.

Cohen's version of the conversation resulting in the reduction of his salary differed from Gildenhorn's. Specifically, Cohen testified that Gildenhorn never mentioned a problem of "insufficient markups" or general negligence as a reason for reducing his salary to $700 per week. Cohen also disputed Gildenhorn's testimony that Cohen received other compensation, namely Saturdays off and use of a company car, in exchange for the $300 per week decrease in salary.

During closing argument, counsel for Cohen asked the jury to return a verdict of $47,900: $45,900 for salary he claimed was owed to him ($300 per week for 153 weeks) and $2,000 for two weeks of unused vacation.[4] After a two-day trial, the jury, obviously crediting Cohen's version of the agreement and rejecting Gildenhorn's, returned a verdict in favor of Cohen for $60,000. Following the verdict, Cohen orally offered the court a "remittitur [of $12,100] down to $47,900," the amount requested by counsel for Cohen in closing argument.

1. The $1,000 Cohen claimed he was entitled to receive less the $700 he was actually paid.

2. Cohen's complaint was filed three weeks after he was terminated. Under the statute of limitations his recovery was limited to back pay for the three years preceding the filing of the suit. Thus if Cohen prevailed, he would be entitled to recover back pay for three years, less the three weeks he did not work between the termination date and the filing of the suit. Cohen therefore sought an award of $300 per week for two full years (104 weeks) and a third year less the three weeks (49 weeks). In addition, he sought recov-

ery of $2,000 for two weeks of unused leave at the rate of $1,000 per week. Thus, the total back pay award requested was:

153 weeks (104 + 49) × $300 per week = $45,900 + $2,000 for a total of $47,900.

3. In 1986, the only year that gross sales did not exceed two million dollars, gross sales were $1,973,792.

4. See note 2, supra, for the calculations supporting Cohen's request for a sum of $47,900.

Later, upon speaking to the jury foreperson in the lobby of the courthouse regarding the verdict, counsel for Cohen learned that $12,100 of the jury's verdict was intended as prejudgment interest on the back pay award, and not for punitive damages as he had surmised.[5] One week after he made his oral offer to accept a judgment of $47,900, Cohen filed a written paper, captioned as "Plaintiff's Amended Remittitur Offer," in which he amended the oral offer and agreed to a remittitur of $1,964.85. Acceptance of that offer would result in an award of $58,035.15 for Cohen ($47,900 for back pay and unused vacation plus $10,135.15 for prejudgment interest on the back pay).[6]

Thirty days after the July 20 entry of judgment in the amount of $60,000, Circle filed a Renewal of Motion for Judgment as a Matter of Law After Trial, for New Trial, and/or Remittitur. In that motion, Circle also requested, in the event a new trial was not ordered or a judgment was not entered in its favor, that judgment be entered for $47,900, the exact amount of back pay and vacation pay sought. The trial court denied Circle's motion for new trial and the motion for judgment as a matter of law, and granted Circle's motion for remittitur. The trial court then entered judgment for $47,900 because Cohen had "unequivocally offered on the record to accept ... the amount prayed for in the complaint, i.e., $47,900." Cohen's subsequent timely motion to alter/amend judgment was denied. Cohen's written

amended remittitur offer was never formally acted upon. These appeals followed.

## II.

### a.

▮ Although Circle raises several challenges to the verdict reached in favor of Cohen, and Cohen, in the cross-appeal, claims the trial court erred in entering judgment for the lower amount, we do not reach the merits of any of those contentions because we do not have jurisdiction to consider those claims.[7] A verdict was reached on July 20, 1993, and judgment was entered the same day. After the verdict was returned, counsel for Circle requested that the trial judge allow the filing of post-trial motions in thirty days rather than ten days as provided for in the rules. See Super.Ct.Civ.R. 50(b) (judgment as a matter of law); Super.Ct.Civ.R. 59(b) (new trial). Cohen did not object to an enlargement of time but protested that thirty days was longer than necessary under the circumstances. The trial judge, however, granted Circle's request, and directed that the motion be filed in thirty days. That time-table was met, and after Cohen filed his opposition, the trial court entered an order denying Circle's motions on October 5, 1993. In the same order, however, the court granted Circle's motion for remittitur and entered judgment in the amount of $47,900 rather than the $60,000 sum reached by the jury

5. Although the complaint sought prejudgment interest, that claim was not pressed at trial. For example, there was no evidence presented concerning such interest, Cohen's counsel made no request for an interest award during closing argument, and Cohen did not seek, and the trial judge did not give, any jury instructions regarding the award of prejudgment interest. Accordingly, the jury had no basis upon which to award it.

6. After learning, from the jury foreperson, that the verdict returned by the jury included an award of prejudgment interest, Cohen filed a written Plaintiff's Amended Remittitur Offer of $1,964.85. In that pleading, Cohen calculated interest at 6% on $45,900, the amount of back pay awarded at $300 per week for 153 weeks. His calculations indicated that at 6%, the total prejudgment interest due on the back pay of $45,900 was $10,135.15, rather than $12,100 as calculated by the jury. Consequently, Cohen's

amended remittitur offer was for $1,964.85, which, if accepted, would result in a total award of $58,035.15:

$45,900 (back pay) + $10,135.15 (interest at 6%) + $2,000 (unused vacation) = $58,035.15 (amended award requested)

$60,000 (original jury verdict) − $58,035.15 (amended award requested) = $1,964.85 (amended remittitur offer).

7. After oral argument, this court, perceiving possible jurisdictional problems, directed the parties to submit supplemental briefs on the issue. In his opposition to Circle's post-trial motions, Cohen had argued that the motions were untimely because they had not been filed within ten days as the rules require. The trial court did not address the timeliness issue and Cohen did not pursue that point in his initial brief in this court. In his supplemental brief, however, Cohen renewed his claim that the motions were untimely.

and the amount specified in the original judgment. On October 27, 1993, Circle filed its notice of appeal.[8] Thus, the notice of appeal was filed ninety-nine days after the entry of judgment following the verdict, but twenty-two days after the entry of the judgment for $47,900.

b.

The rules of this court require that a notice of appeal be filed within thirty days of the entry of judgment. D.C.App.R. 4(a)(1). "This time limit is mandatory and jurisdictional." *Frain v. District of Columbia,* 572 A.2d 447, 449 (D.C.1990). Here the notice of appeal was filed within thirty days of the October 5, 1993, order. Thus, we have jurisdiction to review the underlying judgment *if* Circle's post-trial motions, filed thirty days after the July 20 entry of judgment, were timely and tolled the time for filing an appeal of that judgment until the ruling on the motions. As noted, the order that Circle seeks to appeal disposed of motions filed pursuant to Super.Ct.Civ.R. 50 and 59; the motion for new trial was denied and the motion for judgment as a matter of law was denied to the extent that Circle contended it was entitled to a judgment as a matter of law. The trial court, however, granted Circle's motion for remittitur and entered judgment for an amount less than the sum awarded by the jury.

Motions filed pursuant to both Rules 50 and 59 must be filed within ten days of the entry of the judgment being challenged. Super.Ct.Civ.R. 50(b), 59(b). We have held, at least for Rule 59 motions,[9] that this ten-day time[10] limit is jurisdictional and the trial judge has no authority to decide the merits of such a motion if it is untimely. *D.D. v. M.T.,* 550 A.2d 37, 42 (D.C.1988); *Household Finance Corp. III v. First Am. Title Ins. Co.,* 669 A.2d 703, 705 (D.C.1995). Nor may the trial court extend the time for taking action under either Rule 50 or Rule 59. Super.Ct.Civ.R. 6(b) (trial court may not extend time for motions filed pursuant to, among others, Rules 50(b), 59(b), and Rule 59(e)); *Center for Nuclear Responsibility, Inc. v. United States Nuclear Regulatory Comm'n,* 251 U.S.App.D.C. 82, 88, 781 F.2d 935, 941 (D.C.Cir.1986) ("Rule 59(e) motions [and by reference to Rule 6(b), Rule 50(b) and Rule 59(b) motions] are expressly limited to the 10–day period following entry of judgment, and the District Court simply has no power to extend that time limitation"); *Derrington–Bey v. District of Columbia Dep't of Corrections,* 309 U.S.App.D.C. 132, 133, 39 F.3d 1224, 1225 (1994) (same); *Slater v. Peyser,* 91 U.S.App.D.C. 314, 315, 200 F.2d 360, 361 (1952) (ten-day limit for filing new trial motion pursuant to Fed.R.Civ.P. 59, may not be extended even with the consent of opposing counsel). Thus, because the post-trial mo-

---

8. As a notice of appeal from the judgment purportedly entered on October 5, 1993, that notice of appeal would have been premature because three days after the trial court's order entering judgment for $47,900, Cohen filed a timely Motion to Amend Judgment, pursuant to Super.Ct.Civ.R. 59(e), which tolled the running of the time to note an appeal from the October 5, 1993, order. *See* D.C.App.R. 4(a)(2). Cohen's Rule 59(e) motion was denied on November 19, 1993, and his cross-appeal was filed thirteen days later. Although Circle's October 27 notice of appeal was filed before the trial court had ruled on the Rule 59(e) motion, the premature filing of the appeal would not, by itself, divest us of jurisdiction because the trial court later ruled upon the pending motion without modifying the judgment being appealed. *See Dyer v. William S. Bergman & Assocs.,* 635 A.2d 1285, 1287 (D.C. 1993).

9. We can conceive of no basis for a different interpretation of the identical time requirement for a Rule 50 motion, and Circle has not con-

tended otherwise. *Cf. United States v. Braman,* 327 A.2d 530, 535 (D.C.1974), *cert. denied,* 423 U.S. 1032, 96 S.Ct. 562, 46 L.Ed.2d 405 (1975) (in criminal case, order granting a new trial on ground not raised by defendant in his timely motion is a nullity).

10. Circle's post-trial filing included a motion for judgment as a matter of law, pursuant to Rule 50(b), a motion for new trial, pursuant to Rule 59(a), and/or remittitur. A motion for remittitur is not specifically provided for in the court rules; however, such a motion is considered in conjunction with either a motion for judgment as a matter of law or, most often, with a motion for a new trial. *See Phillips v. District of Columbia,* 458 A.2d 722, 724 (D.C.1983). It too must be filed within ten days of entry of judgment. *See Cormier v. Rowan Drilling Co.,* 67 F.R.D. 102, 105–06 (E.D.La.1975), *aff'd,* 549 F.2d 963 (5th Cir.1977). Here, the trial court's grant of the remittitur was in conjunction with the motion for new trial and/or remittitur.

tions filed by Circle were not filed within the ten days as required, and because the trial court was without authority to extend that time period, the motions were untimely. Therefore, in the absence of some other controlling consideration, the order entering judgment on October 5, 1993, was a nullity. *See Frain, supra,* 572 A.2d at 450 n. 6.

Moreover, because the post-trial motions for judgment as a matter of law and for a new trial were untimely, their filing could not toll the running of the thirty-day time period for noting an appeal. D.C.App.R. 4(a)(2) ("the time for filing a notice of appeal is terminated as to all parties by the *timely* filing [of specified motions]") (emphasis added). Therefore, because Circle's notice of appeal, filed more than three months after the judgment entered immediately after verdict, was not timely, this court lacks jurisdiction to review that judgment.[11] In sum, absent some extraordinary equitable consideration, we lack jurisdiction to consider Circle's challenge to the July 20, 1993, judgment because the notice of appeal was untimely; and, the timely notice of appeal from the October 5, 1993, order, which the trial court lacked authority to enter, does not preserve Circle's right to appeal the July 20 judgment.

### c.

■ Circle essentially concedes, based on the foregoing analysis, that it cannot obtain review in this court of the underlying judgment entered against it unless the court finds some equitable basis for allowing review. Although, acknowledging that it was not "lulled" by the trial court into filing its motions late,[12] Circle nonetheless contends, due to the "unique circumstances," that it was unwittingly misled into believing that filing the motions, after the time required by the rule, was sanctioned by the trial court, and therefore its appeal is not barred by the time

restriction. On the facts presented here, we reject that claim.

In *Frain, supra,* 572 A.2d at 451, we observed that when a motion is filed beyond the time fixed for the filing of a jurisdiction-determining motion, a party may be relieved from the consequence of that untimeliness if it was lulled into the untimely filing by some action of the trial judge, or if there were "unique circumstances." In reviewing the authorities defining the scope of the so-called "unique circumstances" exception, we also observed that the principle created a "very narrow equitable exception to the rigorous time requirements applicable to the filing of a notice of appeal." *Frain, supra,* 572 A.2d at 451; *see also Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962). We have been reluctant to "apply the doctrine in the absence of some *affirmative* action or statement by the trial judge which could mislead the movant into believing that he has more time." *Frain, supra,* 572 A.2d at 451 (emphasis in original). We find no such action by the trial judge here.

First, we note that after the verdict was announced, counsel for Circle stated that he intended to file post-trial motions, but because of other commitments, ten days would not be sufficient time for him to do so. Counsel then requested thirty days, and the trial judge, observing that he would not be able to decide the motions until after he returned from his own vacation in late August, granted the request. Cohen did not object to an extension, however, he did protest that thirty days was too long. In *Frain* we expressed strong doubt that the trial court's mere acquiescence in a request by the movant to extend time—in that case an extension was requested to file a Rule 59(e) motion—would be sufficient to invoke the equitable exception. *Id.* While recognizing

11. Circle's post-trial motion was expressly filed pursuant to Super.Ct.Civ.R. 50(b) and 59(a), and the relief sought in the motion was sought on grounds available only under those rules. *See Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C.1984). Circle has not requested that we consider the post-trial motions as being filed pursuant to Super.Ct.Civ.R. 60(b), nor are we aware of any legal grounds for con-

sidering this motion pursuant to that rule. Therefore, we do not address whether Circle would be entitled to any relief pursuant to Rule 60(b).

12. In its post-argument pleading on the jurisdictional issue, Circle concedes that it "would be less than candid if it said it was 'lulled.' "

that some courts have concluded that the erroneous grant of a request for an extension warrants relief under this exception, we held "it is not apparent to us that such reliance [upon the trial court's acquiescence] can fairly be characterized as reasonable." *Id.*

We reach the same result here. Counsel is responsible for knowing that the motion must be filed within ten days and that the trial judge has no authority to extend the time. *See Wallace, supra,* 482 A.2d at 804–05 and authorities cited at n. 10 (counsel charged with knowing court rules); *see also Marane, Inc. v. McDonald's Corp.,* 755 F.2d 106, 111 (7th Cir.1985) ("[no] member of the bar should be able to plead unfamiliarity with the ... Rules ... in excuse for his or her tardiness [in filing]"). Here counsel initiated the request for extension and we cannot say that the trial court's grant of that request was anything more than mere acquiescence. *See Frain, supra,* 572 A.2d at 451; *Bailey v. Sharp,* 782 F.2d 1366, 1369–74 (7th Cir.1986) (Easterbrook, J., concurring).[13] Thus, we conclude that the post-trial motions were untimely and Circle is not relieved from the consequences of the untimely filing by the principle of unique circumstances.

#### d.

■ Our analysis of this issue is not ended, however, because we must examine whether a paper filed by Cohen tolled the time for noting an appeal. As explained above, the parties were directed by the court to submit supplemental briefs on the jurisdictional issues, however, neither party specifically addressed the question of whether "Plaintiff's Amended Remittitur Offer" ("Amended Remittitur Offer"),[14] filed by Cohen seven days after the verdict, could be construed as an appeal-tolling motion. If the Amended Remittitur Offer is an appeal-tolling motion, then the time for noting an appeal would have been stayed because the Amended Remittitur Offer was filed within ten days of the initial entry of judgment. Furthermore, because the entry of judgment would be stayed until any appeal-tolling motion was decided, Circle's motions for judgment as a matter of law and for a new trial, because they were filed during the pendency of the putative appeal-tolling motion, would themselves be timely. Finally, if those motions were timely, then the order of October 5, 1993, which denied Circle's motion for judgment and for a new trial, and granted Circle's motion to reduce the judgment to $47,900, would be a valid order. Thus, Circle's notice of appeal, filed twenty-two days later, would be timely and Circle could, therefore, obtain review of the underlying judgment in this court. That result depends entirely, however, on whether the Amended Remittitur Offer tolls the time for noting an appeal. We conclude it does not.

Our Rule 4(a)(2) specifies the kinds of post-trial motions that toll the running of the time for noting an appeal.[15] The only possible Rule 4(a)(2) motion that the Amended Remittitur Offer could qualify as is a motion to alter or amend judgment pursuant to Rule

---

13. *See also, Pinion v. Dow Chem., U.S.A.,* 928 F.2d 1522, 1526–35 (11th Cir.1991).

14. In pertinent part, the pleading sets forth the following:

*PLAINTIFF'S AMENDED REMITTITUR OFFER*

　Plaintiff hereby amends the offer of remittitur which he made in open court on July 20, 1993 following the jury's verdict, to state that he agrees to a remittitur of $1,964.85 and thus to accept a judgement [sic] of $58,035.15 in lieu of the judgment of $60,000 entered on the jury verdict. The reasons for this amended offer follow.

　*　　*　　*　　*　　*　　*

Thus, the jury's award of principal and prejudgment interest could properly total $58,035.15. The balance of $1,964.85 is not recoverable. Plaintiff agrees to a remittitur of the latter amount.

The calculations included in this pleading are summarized in note 5, *supra.*

15. D.C.App.R. 4(a)(2) provides:

(2) Termination of time for filing notice of appeal. The running of the time for filing a notice of appeal is terminated as to all parties by the timely filing, pursuant to the rules of the Superior Court, of any of the following motions: For judgment notwithstanding the verdict; to amend or make additional findings of fact, whether or not an alteration of the judgment would be required if the motion is granted; to vacate, alter or amend the order or judgment; for new trial; for reconsideration if authorized by the rules of the Superior Court; and any other motion seeking relief in the nature of the foregoing.

59(e), or as a motion in the nature of such a motion. In its post-argument brief, however, Circle did not contend that Cohen's Amended Remittitur Offer should be so construed, and it is clear that Cohen did not view it as such, observing in his supplemental brief that:

> Appellee Cohen had no reasons to seek to amend or vacate the original July 20, 1993 judgment, since it merely confirmed the jury's award in his favor. Appellee did make an oral offer of remittitur on July 20, 1993, which he amended in writing on July 27, 1993.

Indeed it is not at all clear that Cohen's paper can even be characterized as a *motion* at all, much less a *motion* to alter or amend judgment. Super.Ct.Civ.R. 7(b)(1) provides that application to the court "for an order shall be by motion." Stating the reverse, a motion is defined as "an application to a court for an order." *Perry v. United States,* 90 U.S.App.D.C. 186, 188, 195 F.2d 37, 39 (1952). The Amended Remittitur Offer, however it is defined, can in no way be construed as a request for an order. It does no more than request that the oral offer that had been made seven days earlier be amended. In short, by the Amended Remittitur Offer, Cohen is informing the court that, should the court decide to enter an amended judgment for the lesser sum specified, he would not object.

We find support for this conclusion when we compare the Amended Remittitur Offer with the motion filed by Cohen after the October 5, 1993, order entering judgment for $47,900. While the latter is a legitimate Rule 59(e) motion to alter or amend judgment, the Amended Remittitur Offer is not. In the motion, filed after the order of October 5, 1993, Cohen invoked Rule 59(e), labeled it as a motion to alter or amend judgment, and sought an order from the trial court for the larger amount. In contrast, the Amended Remittitur Offer contained no such references. We are of course mindful that "[t]he nature of a motion is determined by the relief sought, not by its label or caption." *Wallace,*

*supra,* 482 A.2d at 804. Thus, it is not necessarily dispositive that Cohen's Amended Remittitur Offer did not reference Rule 59(e) or state that Cohen was seeking to alter or amend the judgment. But, to qualify as a Rule 59(e) motion, the paper must seek "relief from the adverse consequences of the original order on the basis of error of law." *Id.*[16] Because the Amended Remittitur Offer sought no relief (there were no adverse consequences—to Cohen—in the previous order) and there was no error of law, it could not be a Rule 59(e) motion. Therefore, we conclude that the Amended Remittitur Offer does not qualify as a Rule 59(e) motion or a motion in the nature of such a motion. It, therefore, did not toll the running of the time for noting an appeal.

In sum, because Circle's post-trial motions for judgment as a matter of law and for a new trial were untimely, the trial court was without authority to enter its October 5 order. Therefore, we vacate it. *See Clement v. District of Columbia Dep't of Human Servs.,* 629 A.2d 1215, 1220 (D.C.1993). Further, because no notice of appeal was filed by Circle within thirty days of the July 20 entry of judgment, and because the thirty-day time period was not tolled by any motion as required by our Rule 4(b), the July 20 order is a final judgment that we have no authority to review. Finally, because the October 5, 1993, order was a nullity, and must be vacated, Cohen's timely appeal of the trial court's denial of his motion to alter/amend that order is moot.

*Order vacated and cross-appeal dismissed as moot.*

WAGNER, Chief Judge, dissenting:

In my view, Cohen's "Amended Remittitur Offer," which was filed within ten days of the judgment, is in the nature of a motion to alter or amend judgment, and therefore should be treated as such. *See Frain v. District of Columbia,* 572 A.2d 447, 450 (D.C. 1990) ("The nature of a motion is determined by the relief sought, not by its label or

16. *See Dyer, supra,* 635 A.2d at 1287 n. 4 (where a timely motion by plaintiff to vacate the old judgment and to enter a new judgment for a larger sum because court erroneously calculated certain credits flowing to the defendant from plaintiff was held to be a motion filed pursuant to Rule 59(e)).

caption."); *Wallace v. Warehouse Employees Union No. 730,* 482 A.2d 801, 804 (D.C.1984). Essentially, appellant sought by this pleading not only to withdraw his initial oral offer of remittitur, but also to have the court enter judgment in a reduced amount, explaining that "$1,964.85 is not recoverable."[1] The motion may best be characterized as one under Super.Ct.Civ.R. 59(e) because it requested alteration of the existing judgment. *See Dyer v. William S. Bergman & Assocs.,* 635 A.2d 1285, 1287 n. 4 (D.C.1993). A timely filed motion to alter or amend judgment, as this one was, tolls the running of the time for noting an appeal as to all parties.[2]

D.C.App.R. 4(a)(2); *Dyer,* 635 A.2d at 1287 n. 4; *see also Frain,* 572 A.2d at 449. Under this analysis, the appeal and cross-appeal would be timely; therefore, I would reach the merits of both appeals. For these reasons, I respectfully dissent from the decision of the court.[3]

1. On July 21, 1993, judgment was entered for cross-appellant, Herman Cohen, in the amount of $60,000 in accordance with a jury verdict. The judgment was docketed on July 22, 1993, and mailed to the parties on July 23, 1993. On July 27, 1993, Cohen filed an "Amended Remittitur Offer" agreeing to remit $1,964 of the judgment and to accept a judgment of $58,035.15. In support of the motion, Cohen stated that the complaint had prayed for prejudgment interest to which he was entitled pursuant to D.C.Code § 15–109 (1995), and that his attorney had not taken these facts into account when he offered orally to accept a reduced judgment of $47,900. Cohen also attached a supporting affidavit and a spreadsheet reflecting the calculation of interest. Cohen's attorney also represented that he had spoken to the foreperson of the jury after the trial, with the court's permission, and that she had indicated that the verdict included prejudgment interest.

2. A motion to alter or amend judgment must be filed within ten days of the entry of judgment. Super.Ct.Civ.R. 59(e).

3. Even under the majority's disposition of the case, I see no impediment to the trial court on remand reducing the judgment by the amount to which Cohen agreed he was not entitled and entering judgment in the amount to which he consented, *i.e.,* $58,035.15. *See Donovan v. Penn Shipping Co.,* 429 U.S. 648, 649, 97 S.Ct. 835, 836, 51 L.Ed.2d 112 (1977) ("[A] plaintiff who has accepted a remittitur may not appeal to seek reinstatement of the original verdict.").