Gilbert HAHN, Jr., et al, Appellants,

v.

**DISTRICT OF COLUMBIA WATER AND SEWER AUTHORITY, et al., Appellees.**

No. 98–CV–20.

District of Columbia Court of Appeals.

Argued March 3, 1999.

Decided March 25, 1999.

Gilbert Hahn, Jr., Washington, DC, for appellants.

Donna M. Murasky, Assistant Corporation Counsel, with whom John M. Ferren, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the brief, for appellees.

Before SCHWELB and FARRELL, Associate Judges, and GALLAGHER, Senior Judge.

FARRELL, Associate Judge:

Gilbert Hahn, Jr. and others ("Hahn") sued the District of Columbia Water and Sewer Authority ("WASA") as well as the District and its Mayor for alleged statutory and constitutional violations arising from the unauthorized transfer of revenues from an Enterprise Fund reserved for water and sewer purposes to the District's General Fund during the first half of the 1990's.[1] The trial court granted summary judgment to the defendants on all counts. Hahn then filed a motion to reconsider, which was denied. Before us is what purports to be his

---

1. The defendants admitted, for purposes of this appeal, that District law required WASA to maintain a special fund for water and sewer revenues received and to use them exclusively for those purposes; and that the then Mayor and then City Administrator had transferred at least $83,000,- 000 of such monies to the District's General Fund beginning in 1992, in violation of District law, specifically D.C.Code § 43–1531 (1998). Indeed, the District eventually entered into a consent decree with the EPA to restore the $83,000,- 000 to the Enterprise Fund.

timely appeal from the underlying judgment. In fact, however, the appeal is untimely, and we therefore must dismiss it for lack of jurisdiction. *See* D.C.App. R. 4(a)(1); *In re C.I.T.*, 369 A.2d 171, 172 (D.C.1977). Insofar as the appeal is deemed to be from the denial of a post-judgment motion under Super. Ct. Civ. R. 60(b), we affirm that order.

## I.

The trial court entered the summary judgment order on November 14, 1997. The order was docketed and mailed to the parties on November 18, 1997. On November 26, 1997, Hahn moved in writing to extend the time in which to file a "Motion to Reconsider" the judgment. On December 16, 1997, he filed the Motion to Reconsider (citing neither Rule 59 nor Rule 60 of the Superior Court Rules of Civil Procedure). On December 17, 1997, the trial court, evidently unaware of the filing the day before, noted that the motion to extend time had been unopposed and granted it *"nunc pro tunc,"* stating that Hahn could file a motion to reconsider by December 21, 1997. On January 8, 1998, the court denied the motion to reconsider on the merits, stating that "the Court [had] considered all of the arguments made in plaintiff's motion before issuing its Order" granting summary judgment. Hahn noted his appeal from the denial on January 16, 1998.

## II.

In his opening brief, Hahn states that his motion to reconsider amounted to a motion to alter or amend judgment under Super. Ct. Civ. R. 59(e).[2] Such a motion must be filed no later than ten days after entry of the judgment. *See id.* If timely filed, it tolls the thirty-day period for appeal from the underlying judgment. *See* D.C.App. R. 4(a)(2); *Fleming v. District of Columbia,* 633 A.2d 846, 848–49 (D.C.1993). The trial court, however, may not enlarge the time for filing a Rule 59 motion, *see* Super. Ct. Civ. R. 6(b), and "has no authority to decide the merits of such a motion if it is

untimely." *Circle Liquors, Inc. v. Cohen,* 670 A.2d 381, 385 (D.C.1996) (citing cases).

As WASA points out in its brief, Hahn had until December 8 to file a Rule 59(e) motion. *See* Super. Ct. Civ. R. 6(a) (weekends and holidays not counted) & (e) (extra three days for mailing). He did not file it until December 16. The trial court could not do *nunc pro tunc* what it could not have done within the ten-day period—enlarge the time allowed. *See* Super. Ct. Civ. R. 6(b); *see also Circle Liquors,* 670 A.2d at 385 ("Nor may the trial court extend the time for taking action under . . . Rule 59."). Since Hahn failed to file the Rule 59 motion by December 8, the trial court had no jurisdiction to decide the merits of the motion. *See id.* at 385–86. And since the motion likewise did not toll the time for appeal, Hahn's appeal (on January 16, 1998) was filed well beyond the thirty days from entry of judgment (November 14, 1997) allowed by this court's rules. *See id.* An untimely notice of appeal deprives this court of jurisdiction. *See In re C.I.T.*, 369 A.2d at 172.

## III.

Although Hahn relies on the doctrine of "unique circumstances" to excuse the late filing, this court has repeatedly rejected application of the doctrine to facts like these. *Circle Liquors,* 670 A.2d at 386–87; *Frain v. District of Columbia,* 572 A.2d 447, 450–52 (D.C.1990). Closely on point is *Frain.* There the plaintiffs moved for an extension of time to file a "motion for reconsideration" nine days after the trial court had entered summary judgment against them. On the thirtieth day after entry of judgment, the court granted the motion to extend time as unopposed. Over a month later, the motion to reconsider was filed, and it was denied on the merits. On appeal, this court treated the motion as one under Rule 59(e) and inquired whether "some controlling equitable consideration" excused the untimely motion and in turn untimely appeal. *Frain,* 572 A.2d at 450. Specifically, we considered the plaintiffs' invocation of the "unique circum-

---

2. *See In re Tyree,* 493 A.2d 314, 317 n. 5 (D.C. 1985) ("A motion for reconsideration asserting that the court committed an error of law will ordinarily be regarded as a motion under Super. Ct. Civ. R. 59(e) to alter or amend a judgment . . . .").

stances" doctrine, which provides that in " 'limited circumstances, when a party fails to file a timely notice of appeal in reliance on a statement or action of the trial court indicating that the party has timely filed a post-judgment motion that tolls the appeal period, that motion, although in fact untimely, ... stop[s] the running of that period.' " *Id.* (quoting *In re Alexander,* 428 A.2d 812, 815 n. 3 (D.C.1981)). Key to the doctrine, we recognized, is whether the party filing late has been " 'affirmatively misled into delaying the filing ... by some action or conduct of the trial court.' " *Id.* at 451 (quoting *Robinson v. Evans,* 554 A.2d 332, 335 (D.C.1989)).

In *Frain* we rejected the plaintiffs' reliance on the doctrine as "[un]reasonable" because the trial court's order granting the extension of time was not an *"affirmative* action or statement," but rather "acquiescence in a request by the movant" that in turn rested upon counsel's "unfamiliarity" with the court's rules. *Id.* at 451–52 (emphasis in original). Moreover, we said the plaintiffs could not have been "lulled" into believing they had more time to appeal, "because they had not been made aware of [the judge's extension order] before the expiration of the period for filing their notice of appeal." *Id.* at 452. A similar result was reached in *Circle Liquors,* where we emphasized that "[c]ounsel is responsible for knowing that the motion must be filed within ten days and that the trial judge has no authority to extend the time." 670 A.2d at 387.

■ Hahn, likewise, was responsible for knowing that the trial court could not extend the time to file a Rule 59(e) motion, in turn making his reliance on the extension order "unreasonable." Indeed, so clear is the law

on this point that we can scarcely envision an action by the court that could have misled Hahn into thinking the time for appeal had been stayed.[3] Since Hahn filed his motion to reconsider before the trial court extended the time for filing it, in granting the extension the court gave him no "specific assurance ... that this act"—*i.e.,* filing the Rule 59(e) motion—"ha[d] been properly done," *Osterneck v. Ernst & Whinney,* 489 U.S. 169, 179, 109 S.Ct. 987, 103 L.Ed.2d 146 (1989); at most the court "acquiesced" in the untimely filing, which is insufficient under *Frain* and *Circle Liquors.* Those decisions leave no room for Hahn's attempt to undo his untimely filing on equitable grounds.[4]

Hahn cites a trilogy of cases decided by the Supreme Court in the early 1960's which, he asserts, broadly applied the unique circumstances doctrine to a situation like this where counsel *and* the trial court have misread their authority under the rules.[5] In *Frain,* however, we took account of those decisions, *see* 572 A.2d at 450–51, finding them "to create [only] a very narrow equitable exception" that requires "the movant's reliance on the trial court's erroneous action or statement [to have been] reasonable." *Id.* at 451. Other courts also have recognized that "the real inquiry concerning the scope of the 'unique circumstances' exception centers upon the *reasonableness* of the appellant's reliance on the action of the [trial] court." *Pinion v. Dow Chemical, U.S.A.,* 928 F.2d 1522, 1532 (11th Cir.1991) (emphasis in original) (citing authorities). And, consistent with our analysis in *Frain* and the unmistakable language of Rule 6(b), those courts have emphasized that "[e]quitable mechanisms do not exist merely to rehabilitate attorney over-

3. By contrast, in *Pierola v. Moschonas,* 687 A.2d 942 (D.C.1997), mistaken trial court action *after* a timely appeal had been filed lulled the appellant into withdrawing the appeal. We applied the "unique circumstances" doctrine because those "affirmative steps [by the court] ... misled [the appellant] into dismissing his initial, timely appeal." *Id.* at 947.

4. In his reply brief, Hahn makes an argument that "under the strictest construction of Rule 59(e)" he had until November 23, 1997, to file his substantive motion, and that since he only received the judge's order granting summary judgment on Friday, November 20, the remain-

ing few days "for all practical purposes made it impossible for [him] to file a reasoned pleading." That hardship, if any, was self-inflicted since familiarity with the rules would have told Hahn that he had until December 8, not November 23, to file the motion. See part II, *supra.*

5. *See Wolfsohn v. Hankin,* 376 U.S. 203, 84 S.Ct. 699, 11 L.Ed.2d 636 (1964) (per curiam); *Thompson v. INS,* 375 U.S. 384, 84 S.Ct. 397, 11 L.Ed.2d 404 (1964) (per curiam); *Harris Truck Lines, Inc. v. Cherry Meat Packers, Inc.,* 371 U.S. 215, 83 S.Ct. 283, 9 L.Ed.2d 261 (1962) (per curiam).

sight or inadvertence." *Id.* at 1534; *see id.* at 1532–33 (citing cases). *Cf. Carlisle v. United States,* 517 U.S. 416, 435–36, 116 S.Ct. 1460, 134 L.Ed.2d 613 (1996) (Ginsburg, J., with whom Souter and Breyer, JJ., join, concurring) (The "sharply honed exception" of *Thompson* and *Harris Truck Lines* does not apply where counsel "neglected to follow plain instructions" in the rule governing timely filing of a motion for judgment of acquittal.). There is debate about whether the unique circumstances doctrine, at least as framed by the Supreme Court, even has continued vitality,[6] but what is certain is that our own decisions preclude its application to Hahn's default.

### IV.

In his reply brief Hahn further argues that his motion to reconsider should be treated as one for relief from judgment under Super. Ct. Civ. R. 60(b). We view that argument skeptically at the outset, for the reason that merely characterizing a motion as one filed under Rule 60(b) should not be enough to defeat the time requirement of Rule 59(e). *See, e.g., Household Fin. Corp. III v. First Am. Title Ins. Co.,* 669 A.2d 703, 706–07 (D.C.1995). Moreover, when considering the denial of a Rule 60(b) motion, this court will " 'not review or determine the merits of the underlying action but only decide whether there has been an abuse of discretion' " in the denial. *Fleming,* 633 A.2d at 849 (quoting *State Farm Mut. Auto. Ins. Co. v. Brown,* 593 A.2d 184, 185 (D.C.1991)). In declining to vacate the summary judgment, the trial court did not abuse its discretion here.

The vast majority of the arguments Hahn put forward in his motion to reconsider assailed the judgment as legally erroneous. That is to say, they disputed the merits of the decision—something we may no longer consider on appeal. In minor respects, however, the motion "request[ed] consideration for the first time of additional circumstances," and in that sense could fairly be characterized as filed under Rule 60(b). *Vincent v. Anderson,* 621 A.2d 367, 371 (D.C. 1993). Specifically, Hahn asserted that "in the past few days" he had received the minutes of a March 1997 meeting of WASA's Board which lent substance to his statutory and constitutional claims, including WASA's complicity in the alleged denial of "equal protection" by District officials in diverting water and sewer revenues. This "new evidence," however,[7] added nothing to the already detailed claims of violation of District statutes and equal protection which the trial court had rejected.[8] Since Hahn's motion "contained no significant new factual allegations" bearing on the claimed violations, *Fleming,* 633 A.2d at 849, the trial court was well within its discretion in denying it.

### V.

In sum, we dismiss for lack of jurisdiction the appeal from the order granting summary judgment; and, treating the motion to reconsider as one filed under Rule 60(b), we affirm the denial of the motion.

*So ordered.*

6. *See Houston v. Lack,* 487 U.S. 266, 282, 108 S.Ct. 2379, 101 L.Ed.2d 245 (1988) (Scalia, J., with whom Rehnquist, C.J., and O'Connor and Kennedy, JJ., join, dissenting) ("Our later cases ... effectively repudiate the *Harris Truck Lines* approach, affirming that the timely filing of a notice of appeal is 'mandatory and jurisdictional.' " (citations omitted)).

7. We put aside the issue of whether Hahn showed due diligence in not presenting the minutes of the meeting to the trial court before entry of the summary judgment. *See American Continental Ins. Co. v. Pooya,* 666 A.2d 1193, 1199 (D.C.1995).

8. In particular, Hahn had already made the argument that by not taking into account (and borrowing against) an agreement which the District had made to repay the illegally transferred funds, WASA had unnecessarily increased the tax rates for water and sewer service in violation of equal protection principles—which is the same argument the "new evidence" was claimed to support. As the trial court itself stated in denying the motion, "The Court considered all of the arguments made in plaintiff's motion before issuing its Order on November 13, 1997."